[No. A071762. First Dist., Div. Two. Jan. 16, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER LOUIS ROWLAND, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication except for part 3.

## COUNSEL

Janice Wellborn, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Margo J. Yu, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KLINE, P. J.**—Having determined that its original sentencing of appellant Peter Louis Rowland was invalid for lack of an award of victim restitution, the trial court resentenced him to include such an award in the sum of $143,517.33. On appeal, appellant argues the award must be stricken because (1) the original sentence *was* valid; and (2) he was not advised of the award as a consequence of his plea of no contest and has suffered resulting prejudice. We reject these arguments and affirm the judgment.

### BACKGROUND

In 1995, the People filed a 22-count information against appellant alleging that he defrauded 13 victims of approximately $225,629 over a 2-year period. On April 24, 1995, as part of a plea bargain, appellant pled no contest to two counts of grand theft (Pen. Code, former § 487, subd. 1)[1] and admitted two related excessive taking enhancements (§ 12022.6, subd. (a)). Thereafter, he received an aggravated three-year sentence for each count of grand theft, to run concurrently. The court struck the sentences for the excessive taking enhancements and dismissed the remaining counts including a prior prison term allegation. Appellant was advised that a mandatory restitution fine of $200 per felony count would be imposed, for a total of $400.

At the sentencing hearing on July 10, 1995, the victims of the two counts to which appellant entered his plea, Tara Stewart and Rhoda Johnson,

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

requested an award of victim restitution pursuant to section 1202.4. Appellant's counsel objected to the request. Apparently believing it had discretion in the matter, the trial court denied the award reasoning that it was unlikely the victims would be able to collect any money from appellant and that restitution would violate the terms of appellant's plea bargain.

Thereafter, Stewart and Johnson, with the assistance of counsel, moved the court for a modification of appellant's sentence to include victim restitution on the grounds that such an award was mandatory. The motion was joined by the People. The court scheduled a hearing on the motion for August 10, 1995, and requested briefing from both sides. It ordered that appellant be returned to court for the proceeding.

At the August hearing, the court indicated that it was persuaded that section 1202.4 mandated such an award. It said the question came down to whether appellant would be prejudiced thereby. If so, it would be necessary to permit him to withdraw his plea. The court took judicial notice of court papers evidencing two civil suits brought separately by Johnson and Stewart against appellant. The court noted for the record that in the case of Johnson's suit a default judgment had been entered for approximately $100,000, plus interest, on July 19, 1993 (the default itself was entered on May 27, 1993). And in the case of Stewart's suit, a default had been entered on May 13, 1994. The court confirmed, based on evidence presented at the preliminary hearing, the amount of loss suffered by the victims: $80,517.33 in the case of Stewart and $63,500[2] in the case of Johnson.

Stewart and Johnson's attorney requested that certain expenses incurred by his clients in assisting in the prosecution of the case—i.e., hotel costs and lost wages, be covered by appellant as well. Counsel sought $57,000 in expenses for Johnson and half this sum for Stewart.

Defense counsel argued that appellant would be prejudiced by an award of victim restitution and, thus, that the court should provide him with the option of withdrawing his plea. In support of this argument, counsel called appellant to the stand to testify. Appellant testified he would not have entered his plea had he known he would be required to pay such an award. He said he told his attorney before the plea that he would not agree to pay victim restitution. Counsel himself took the stand confirming that he had received these instructions from appellant.

On September 8, 1995, the trial court awarded restitution to Johnson in the sum of $63,500 and to Stewart in the sum of $80,017.33, plus interest.

---

[2]Johnson's suit was filed on behalf of both herself and her son who had subsequently died. Johnson's portion of the $100,000 judgment was $63,500.

Additionally, it granted $10,000 in expenses to Johnson and $5,000 in expenses to Stewart. The court found that appellant was not prejudiced by the award, i.e., "that it was not reasonably probable that he would not have entered his plea if he had been advised of the restitution orders." The court based this finding on a number of factors. First, it cited the civil suits successfully brought by Johnson and Stewart against appellant including the $100,000 judgment. Next, it noted the fact that the plea bargain had been very beneficial to appellant. It pointed out that as a result of the plea, the bulk of the charges against him had been dismissed. The court theorized that had the case gone to trial and the People won a conviction, appellant would have potentially served eight years in prison instead of three and would have faced a restitution award of over $200,000. The court said it believed the case against appellant was "quite strong" based on the evidence presented at the preliminary hearing. It said, "A reasonable person in Mr. Rowland's position could not have believed that there was much chance to avoid a longer prison sentence and the restitution orders which would have been greater than what he obtained by way of the agreement."

Finally, the court said appellant had not supported his claim of prejudice. While appellant maintained that the civil judgments against him were based on fraud, the court noted that he had not taken any action to vacate the judgments. The court found appellant's contentions purely speculative.

## DISCUSSION

1. *Was the Original Sentence Valid?*

 Appellant argues essentially that the trial court was without power to resentence him inasmuch as the original sentence was valid. **(2)** As a rule, ". . . a *valid* sentence may not be increased after formal entry in the minutes." (*People* v. *Karaman* (1992) 4 Cal.4th 335, 350 [14 Cal.Rptr.2d 801, 842 P.2d 100], italics added.) The modification of a sentence to include restitution may constitute an increase in sentence when its consequences to the defendant are sufficiently severe. (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1024 [1 Cal.Rptr.2d 902, 819 P.2d 861]; *People* v. *Young* (1995) 38 Cal.App.4th 560, 567-569 [45 Cal.Rptr.2d 177]; *People* v. *Zito* (1992) 8 Cal.App.4th 736, 741 [10 Cal.Rptr.2d 491].) Appellant is wrong.

In 1982, California voters by initiative added a provision to the state Constitution establishing a new constitutional right for crime victims to obtain restitution for losses suffered as a result of a criminal act and directing the Legislature to enact laws empowering the trial courts to issues such orders. (Cal. Const., art. I, § 28, subd. (b).) Section 1202.4 carries out

this mandate. At the time of the sentencing hearings herein[3], it provided in pertinent part: "In every case in which a victim has suffered economic loss as a result of the defendant's conduct, . . . the court shall require that the defendant make restitution to the victim or victims . . . ." (§ 1202.4, former subd. (f).) "Restitution ordered pursuant to subdivision (f) shall be imposed in the amount of the losses, as determined. The court shall order full restitution *unless it finds clear and compelling reasons for not doing so, and states them on the record*. . . . Restitution shall, to the extent possible, be of a dollar amount that is sufficient to fully reimburse the victim or victims, for every determined economic loss incurred as the result of the defendant's criminal conduct, . . . [including wages or profits lost by the victim due to time spent assisting the police or prosecution]." (§ 1202.4, former subd. (g), italics added.) "A restitution order imposed pursuant to subdivision (f) shall identify the losses to which it pertains, and shall be enforceable as a civil judgment. . . . Restitution collected pursuant to this subdivision shall be credited to any other judgments for the same losses obtained against the defendant arising out of the crime for which the defendant was convicted." (§ 1202.4, former subd. (h).)

As can be seen, victim restitution is mandated by both the Constitution and section 1202.4. (*People* v. *Broussard* (1993) 5 Cal.4th 1067, 1070-1074 [22 Cal.Rptr. 278, 856 P.2d 1134]; *People* v. *Young, supra*, 38 Cal.App.4th 560, 564-567; *People* v. *Valdez* (1994) 24 Cal.App.4th 1194, 1202-1204 [30 Cal.Rptr.2d 4].) The only discretion retained by the trial court in this regard is in fixing the amount of the award. Although section 1202.4 mandates a sum which will fully reimburse the victim(s), the court can for "clear and compelling reasons" award a lesser amount. However, in such a case the court must state the reasons for issuing a lesser award. (§ 1202.4, former subds. (g) & (n); see also *People* v. *Valdez, supra*, 24 Cal.App.4th 1194, 1202, fn. 2.) Where the court fails to issue an award altogether, as here, the sentence is invalid. (*People* v. *Valdez, supra*, 24 Cal.App.4th 1194, 1198-1202.)

Appellant nonetheless argues that the original sentence was valid because the trial court considered victim restitution at the related hearing and stated clear and compelling reasons for refusing to issue an award—i.e., (1) that it was unlikely Johnson and Stewart would be able to collect money from appellant and (2) that restitution would violate the terms of the plea bargain.

We reject this argument, however. As we have explained, victim restitution is mandatory and a sentence without such an award is invalid. The trial

---

[3]The following provisions were formerly stated in Government Code section 13967, subdivisions (a) and (c). Section 1202.4 was amended effective January 1, 997.

court does not have discretion over issuance of the award itself. The only element over which the court retains discretion—and to which the "clear and compelling reasons" language applies—is the amount of the award.

Moreover, contrary to appellant's assertions, we do not believe the trial court's statements at the original sentencing hearing indicate that it found clear and compelling reasons for not issuing the award. It told defense counsel at resentencing: "I wasn't specifically making findings [at the earlier hearing] that there were compelling reasons not to order restitution. I was merely weighing and balancing the equities of imposing restitution . . . . But it was not done with the knowledge of Penal Code 1202.4 and the mandatory nature of restitution as well as the Constitutional provision."

## 2. Does the Record Support the Trial Court's Finding of No Prejudice?

 Appellant wages a two-pronged attack on the trial court's finding that he is not prejudiced by the award of victim restitution. First, he argues that the record is unsupportive of the finding. He points out that only one of the victims, Johnson, has a civil judgment against him and that Johnson's portion of that judgment (i.e., $63,500) is well under the amount of the award. He additionally notes that he has filed a lawsuit which has "at least the potential" of setting aside the judgment.[4]

Secondly, appellant attacks the finding on the grounds that the trial court used an improper procedure in arriving at the amount of the restitution award. He states, "In order to escape the consequences of a finding of prejudice, the court impermissibly reasoned backwards to craft a restitution order which allowed it to avoid that finding. A sentence based on such an approach constitutes a failure to exercise discretion." We reject these arguments as well.

The question of prejudice arises because appellant was not advised at the time he entered his plea that one of the consequences of the plea would be the requirement to pay victim restitution. He was advised only that he would be required to pay a restitution fine of $400. A restitution fine is distinguishable from victim restitution in that it is mandated in every criminal case, not only cases involving victims; it is deposited into a state fund rather than paid directly to the victim; and it is limited to no more than $10,000. (§ 1202.4, former subds. (a)(3), (b)-(e).)

 As a rule, "before taking a guilty plea the trial court must admonish the defendant of both the constitutional rights that are being waived and the

---

[4]This lawsuit was filed against appellant's former attorney who apparently represented Stewart and Johnson in the civil suits. Appellant alleges that the attorney shared confidential information with the two victims.

direct consequences of the plea. [Citations.]" (*People* v. *Walker, supra,* 54 Cal.3d 1013, 1022.) An award of restitution is a direct consequence of which a defendant must be advised. (*Ibid.*; see also *People* v. *Valdez, supra,* 24 Cal.App.4th 1194, 1203.)

"Unlike the admonition of constitutional rights, however, advisement as to the consequences of a plea is not constitutionally mandated. Rather, the rule compelling such advisement is 'a judicially declared rule of criminal procedure.' [Citation.] . . . [¶] '[A]n uninformed waiver based on the failure of the court to advise an accused of the consequences of an admission constitutes error which requires that the admission be set aside only if the error is prejudicial to the accused.' [Citation.] 'A showing of prejudice requires the appellant to demonstrate that it is reasonably probable he would not have entered his plea if he had been told about the [award].' [Citations.] [¶] [T]he error is waived absent a timely objection." (*People* v. *Walker, supra,* 54 Cal.3d 1013, 1022-1023.)

In assessing prejudice, "[t]he court should consider the defendant's financial condition, the seriousness of the consequences of which the defendant *was* advised, the nature of the crimes charged, the punishment actually imposed, and the size of the restitution [award]. [Citation.]" (54 Cal.3d at p. 1023.)

Here, we find the record supportive of the trial court's finding of no prejudice. The defaults and default judgment won by Johnson and Stewart essentially offset the amount of the restitution award. Although as of the time of the proceedings below, only Johnson had actually won a judgment against appellant, a default had been entered in Stewart's case. As noted by the trial court, a default is just one step removed from judgment. Moreover, the statutory time for vacating either ruling on the grounds of mere mistake or inadvertence had long lapsed. (Code Civ. Proc., § 473.)

Also supportive of the finding is the other factor cited by the trial court—i.e., the fact that the plea bargain tremendously favored appellant. Based on the plea, over 20 charges involving 11 other victims were dismissed. Clearly, given these circumstances, it is not reasonably probable that had appellant been advised at the time of his plea that he would be required to pay victim restitution, he would have entered another plea.

Regarding appellant's lawsuit and claims of fraud in relation to the civil suits, we agree with the trial court that such claims are purely speculative. Appellant has not presented any evidence substantiating these contentions. At the same time, he admits not having taken any action directly attacking the defaults.

Appellant's second attack on the no-prejudice finding—i.e., that the trial court failed to exercise its discretion in fixing the amount of the restitution award, is equally flawed. As previously explained, the trial court has really very little discretion under section 1202.4 in this regard. The statute requires the award be set in an amount which will fully reimburse the victim for his or her losses unless there are clear and compelling reasons not to do so. Here, the trial court said it did not find clear and compelling reasons for not ordering full restitution. It then fixed the amount of the award in accordance with the losses established by Stewart and Johnson at the preliminary hearing. Clearly, the court fulfilled its duties under the statute.

3. *Was There Ineffective Assistance of Counsel?\**

. . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Haerle, J., and Lambden, J., concurred.

A petition for a rehearing was denied February 10, 1997, and appellant's petition for review by the Supreme Court was denied April 16, 1997. Kennard, J., was of the opinion that the petition should be granted.

---

\*See footnote, *ante,* page 1745.