[No. B160373. Second Dist., Div. Eight. Aug. 26, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES EDWARD COLLINS, Defendant and Appellant.

[No. B166101. Second Dist., Div. Eight. Aug. 26, 2003.]

In re CHARLES EDWARD COLLINS, on Habeas Corpus.

## COUNSEL

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Mary Sanchez and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RUBIN, J.**—Defendant and appellant Charles Edward Collins appeals from the direct victim restitution order entered following his plea of no contest to the charge of receiving stolen property. He contends the trial court abused its discretion in ordering direct victim restitution where it was not part of the plea agreement and he was not advised that it would be a consequence of his plea. In a related petition for writ of habeas corpus, he contends his trial counsel was ineffective in failing to object to the direct victim restitution order. After review, we affirm the judgment and deny habeas relief.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 2001, Sintok Singh purchased a Chevy Suburban from appellant. Several days later, it was stolen from a shopping center parking lot.

---

[1] As noted, defendant has filed both an appeal and a petition for writ of habeas corpus; for ease of reference we will use the term "appellant."

When the police later recovered the Suburban, it was missing its front bucket seats, in-dash stereo system and speaker box. The police subsequently located these items in a 1996 GMC Yukon owned by appellant. Appellant was arrested, and the stolen items were booked into evidence.

Appellant was charged by information filed on December 24, 2001, with grand theft auto (Pen. Code, § 487, subd. (d))[2] and receiving stolen property (§ 496, subd. (a)). Sentencing enhancements including five prior prison convictions were alleged. Appellant faced a maximum sentence of 10 years.

Appellant was represented by counsel on May 22, 2002, when, in exchange for dismissal of the grand theft auto charge and a 16-month low term, appellant withdrew his motion for return of property and entered a plea of no contest to receiving stolen property. Prior to entering his plea, appellant was advised of various consequences of that plea, including the fact that a restitution *fine* in a sum of between $200 and $10,000 would be imposed. Although the probation officer's report indicated the victim suffered property loss in the amount of $4,500, direct victim restitution was not mentioned in the recommendation section of the report, and appellant was not advised that direct victim restitution would be a consequence of his plea.[3] Nevertheless, without objection, the trial court ordered appellant to pay direct victim restitution in the amount of $4,500, in addition to restitution fines in the amount of $200 pursuant to section 1202.4, subdivision (a)(2) (victim's restitution fund) and $200 pursuant to section 1202.45 (parole revocation restitution fine).

On July 17, 2002, appellant filed a timely notice of appeal challenging the validity of the plea on the ground, among others, that he had been ordered to pay direct victim restitution.[4]

On April 4, 2003, after being released on parole, appellant also filed a petition for writ of habeas corpus in which he averred that he was deprived of the effective assistance of counsel by his trial attorney's failure to object to the direct victim restitution award.

Although in his request for a certificate of probable cause appellant sought to withdraw his plea, appellant's opening brief and writ petition seek only to have the restitution order stricken.

---

[2] All further undesignated section references are to the Penal Code.

[3] The probation report recommended imposition of the high base term and a "suitable restitution *fine* as provided by 1202.4 ...." (Italics added.)

[4] The sole error argued on appeal is the award of restitution.

## DISCUSSION

The People do not dispute that the trial court erred in not informing appellant that an order of direct victim restitution was a direct consequence of his plea. They argue that appellant waived this error by failing to object at sentencing and that appellant was not prejudiced. We disagree with the former contention, but agree with the latter. In addition, we conclude the amount of restitution was reasonable.

### A.

*Appellant Did Not Waive the Issue on Appeal; His Counsel Was Not Ineffective*

Relying on *People v. Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861] (*Walker*), the People contend appellant waived any error in the award of direct victim restitution by failing timely to object to the order. They are incorrect. As part of a plea bargain, the trial court in *Walker* advised the defendant that one of the consequences of his plea to the charge of the attempted use of a destructive device (§ 12303.3) was a maximum fine of $10,000. However, the court made no mention of any *restitution* fine under former Government Code section 13967, subdivision (a). Immediately upon accepting the plea, the court sentenced the defendant. The trial court imposed a $5,000 restitution fine. No penal fine was imposed. Neither the defendant nor his counsel objected to the restitution fine. (*Walker,* at p. 1019.)[5]

The defendant appealed on the sole ground that the restitution fine was unauthorized because it was not part of the plea bargain. The Attorney General argued that the defendant had waived the argument by failing to object in the trial court. The Supreme Court disagreed, resting its decision in large measure on section 1192.5. That statute provides that generally a defendant "cannot be sentenced to a punishment more severe than that specified in the plea" bargain. (§ 1192.5.) It also directs the trial judge to advise the defendant that even though the prosecution and defense have agreed to a plea disposition, the agreement is not binding on the trial court. If the trial judge intends to impose a greater sentence than that agreed to, then the defendant will be permitted to withdraw his plea. (*Walker, supra,* 54 Cal.3d at p. 1019.)

In *Walker*, because the trial court sentenced the defendant immediately after the parties had reached a disposition and the defendant had entered his plea, but failed to admonish the defendant of his rights under section 1192.5,

---

[5] In 1994, the Legislature consolidated the restitution fine and direct restitution provisions of former section 1202.4 and Government Code section 13967 in the current section 1202.4. (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751, fn. 3 [60 Cal.Rptr.2d 351]; see Stats. 1994, ch. 1106, § 3, p. 6548, eff. Sept. 29, 1994; Stats. 1993–1994, 1st Ex. Sess., Ch. 46, § 3, p. 8755.)

the Supreme Court held that the failure to advise permitted the defendant to raise the sentence error on appeal. "Absent compliance with the section 1192.5 procedure, the defendant's constitutional right to the benefit of his bargain is not waived by a mere failure to object at sentencing. 'Of course there can be no waiver of a constitutional right absent "an intentional relinquishment … of a known right or privilege." [Citation.] No less should a court presume from mere silence that defendant is waiving implementation of the consideration that induced him to waive his constitutional rights. [Citation.]' " (*Walker, supra,* 54 Cal.3d at p. 1025.)

In this respect, the procedural posture of the present case is identical to *Walker*: the parties reached a plea agreement, the trial court did not give a section 1192.5 admonition, the court immediately imposed a sentence that contained a term not expressly made part of the plea bargain, and appellant did not object. Under *Walker*, the failure to object does not waive the alleged sentencing error on appeal. This conclusion has two consequences for us: (1) We will address the merits of appellant's claimed error; and (2) we deny the writ of habeas corpus because the only basis for the writ is the alleged ineffective assistance of counsel for failing to preserve the issue on appeal. Because, as we have observed, the issue has not been waived, counsel was not ineffective.

B.

*Appellant Suffered No Prejudice by an Insignificant Deviation from the Plea Bargain*

■ Even though there are both statutory (§ 1192.5) and due process limitations on a trial court's ability to deviate from a plea bargain, not every imposition of an unmentioned sentencing term is unlawful. "This does not mean that *any* deviation from the terms of the agreement is constitutionally impermissible. As *Santobello v. New York* (1971) 404 U.S. 257, 262 [30 L.Ed.2d 427, 92 S.Ct. 495] …, suggests, the variance must be 'significant' in the context of the plea bargain as a whole to violate the defendant's rights. A punishment or related condition that is insignificant relative to the whole, such as a standard condition of probation, may be imposed whether or not it was part of the express negotiations." (*Walker, supra,* 54 Cal.3d at p. 1024.) In *Walker*, the court essentially concluded that the reference to a penal fine was not the functional equivalent of a restitution fine, and the court held that the addition of an undiscussed $5,000 restitution fine was legally significant. (*Id.* at p. 1026.) However, the court neither permitted the defendant to withdraw his plea, a result which it called "undesirable" (*id.* at p. 1027), nor struck the mandatory restitution fine. Instead it reduced the restitution fine to the $100 minimum under the statute, an amount it considered "insignificant." (*Ibid.*)

At first blush, the result in *Walker* would appear to warrant reversal here: if a $5,000 restitution fine is not insignificant when the defendant has been advised of the possibility of a $10,000 penal fine that was not imposed, how can an undisclosed $4,500 direct restitution order not be significant? The answer lies in *People v. Nystrom* (1992) 7 Cal.App.4th 1177 [10 Cal.Rptr.2d 94] (*Nystrom*), a case decided seven months after *Walker,* and in some factual differences between *Walker* and in the present case.

In *Nystrom,* the defendant pled guilty to auto theft and was ordered to pay $12,866 in direct victim restitution. On appeal, he complained that the restitution award violated the plea agreement. The appellate court affirmed, pointing out that the plea bargain form that the defendant signed stated that among the consequences of his plea were (1) restitution and/or a restitution fine of between $100 and $10,000, and (2) a $20,000 fine. The court found, first, the wording necessarily encompassed both a restitution fine and direct victim restitution, and second, since the combined amount of fines and restitution did not exceed the maximum monetary exposure of which the defendant was advised ($30,000), the trial court's sentence was lawful. (*Nystrom, supra,* 7 Cal.App.4th at p. 1181.)

Although not couched in the *Walker* "insignificant" terminology, the *Nystrom* court found no prejudice to the defendant because the total monetary part of the sentence was less than his maximum exposure. In *People v. Rowland, supra,* 51 Cal.App.4th 1745 (*Rowland*), the court applied the rule in a significantly different factual setting. There, the defendant was charged in a 22-count information with defrauding 13 victims of more than $225,000 over a two-year period. On April 24, 1995, as part of a plea bargain, the defendant pled no contest to two counts of grand theft and admitted two related enhancements in exchange for concurrent three-year sentences on the two counts. The trial court advised the defendant that a restitution fine of $200 would be imposed on each count. The two victims requested an award of direct victim restitution pursuant to section 1202.4. The defendant objected. The trial court acknowledged that the direct victim restitution was statutorily mandated, and concluded that the issue under *Walker* was whether the defendant had been prejudiced. The trial court concluded that the defendant had not been prejudiced by an award of direct victim restitution inasmuch as each victim had obtained a default against the defendant in a civil action based upon the same conduct that was the subject of the criminal charges. Accordingly, even though the appellant had not been previously advised of the consequences, the trial court awarded restitution in the amount of the victims' civil defaults: $63,500 to one victim and $80,000 to the other. (*Id.* at pp. 1748–1749.)

█ The lesson learned from *Nystrom* and *Rowland* is that in determining whether the addition of an undiscussed restitution term is significant, the court *should* look at the totality of the circumstances. The factors identified

by the court in *Walker* as relevant to a trial court's determination of prejudice to a defendant under these circumstances include the defendant's financial condition, the seriousness of the consequences of which the defendant was in fact advised, the nature of the crimes charged, the punishment imposed, and, of particular importance, the size of the restitution award. (*Walker, supra,* 54 Cal.3d at p. 1023; *Rowland, supra,* 51 Cal.App.4th at p. 1752.)

■ Although the record does not permit us to assess each of these factors here, we are persuaded that under the totality of the circumstances, the restitution award was insignificant under *Walker.* Appellant was advised that he could be assessed as much as $10,000 for a restitution *fine*. Although *Walker* concluded that advising a defendant of a *penal* fine did not authorize a restitution fine, here appellant was expressly told that he would have to make restitution for his wrongs. We cannot discern how it could possibly matter to appellant whether he paid restitution to the victim or to the state. This is particularly so since his crime was one that involved theft of, and damage to, personal property, property that he voluntarily relinquished as part of his plea bargain. This is in direct contrast to *Walker* where there was no physical damage, no mention of any restitution, and the defendant reasonably could have concluded that he was unlikely to be given a penal fine in addition to receiving a five-year, mid-term sentence and thus realistically faced no monetary sanction at all.

### C.

*The Amount of the Restitution Award Was Supported by Substantial Evidence*

Appellant contends the amount of the restitution award was not supported by substantial evidence. He argues that, since the stolen items were recovered and booked into evidence, "there was no showing in the record that the victim suffered any loss on nonrecovered property ...." We disagree.

Section 1202.4, subdivision (f) provides in part: "In every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, *based on the amount of loss claimed by the victim or victims* or any other showing to the court .... [¶] ... [¶] (3) To the extent possible, the restitution order ... shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to ...: [¶] (A) Full or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (Italics added; see also *Rowland, supra,* 51 Cal.App.4th at p. 1754 [trial courts have very little discretion in fixing the amount of a direct restitution award under § 1202.4].)

"When the probation report includes a discussion of the victim's loss and a recommendation on the amount of restitution, the defendant must come forward with contrary information to challenge that amount. [Citation.]" *(People v. Pinedo* (1998) 60 Cal.App.4th 1403, 1406–1407 [71 Cal.Rptr.2d 151]; *People v. Hove* (1999) 76 Cal.App.4th 1266, 1275 [91 Cal.Rptr.2d 128] [same]; but see *People v. Harvest* (2000) 84 Cal.App.4th 641, 653 [101 Cal.Rptr.2d 135] [probation officer's report "may satisfy notice requirements for due process [citation], but it cannot take the place of evidence. [Citation.]"].)

Here, the probation officer's report indicated that the victim was claiming a loss of $4,500. Appellant did not come forward with any information that challenged this amount in the trial court, nor has he done so on appeal or in his habeas petition. That the stolen items were retrieved and booked into evidence does not establish that they were ever returned to the victim, much less that they were undamaged. Finally, appellant fails to take into account the obvious damage to the automobile from which the items, including stereo equipment and bucket seats, were stolen.

## DISPOSITION

The judgment is affirmed; the petition for habeas corpus is denied.

Cooper, P. J., and Boland, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 29, 2003.