Filed 10/10/14  P. v. Lee CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLIFTON LEE,<br><br>    Defendant and Appellant. | B252810<br><br>(Los Angeles County Super. Ct. No. BA404953) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Clifford Klein, Judge.  Affirmed.

Evan Charles Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, and Corey J. Robins, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Clifton Lee appeals from a restitution order entered after he was convicted of assault (Pen. Code, § 240).[1]  The trial court ordered defendant to pay $1,271.46 in restitution to reimburse the Victim Compensation and Government Claims Board (Board).  Defendant contends the court erred in ordering restitution without requiring documentation proving the amount owed as mandated by statute (§ 1202.4, subd. (f)(4)(B)).  Defendant further contends the matter must be remanded for a new restitution hearing because the court erroneously believed that it lacked discretion to award a reduced amount of restitution.  We affirm.

## FACTS AND PROCEDURAL HISTORY

After the jury rendered its verdict, the trial court sentenced defendant and set a restitution hearing for November 13, 2013.  Defendant said he wanted to be present at the hearing.

At the first scheduled restitution hearing, the court found that while defendant said he wanted to be present, he did not appear for the restitution hearing.  His attorney said she did not have a phone number for defendant, and was not able to reach him.  The court stated it would not issue a bench warrant since defendant had served his time on the case, and it was his choice whether to be present.[2]  The matter was continued.

At the next hearing, defendant still was not present.  His attorney said she "guess[ed] [defendant] didn't really want to be here."  The prosecutor asked for more time to get a "medical statement" from the victim.  The matter was again continued twice.

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

[2] Defendant was sentenced to six months in jail with credit for more than six months already served, therefore, the court ordered defendant's immediate release.  The clerk's transcript erroneously records the sentence as 60 days with credit for 60 days, instead of the correct term of six months.

2

On February 5, 2014, at the dispositive restitution hearing, the prosecutor explained that no money was owed directly to the victim because the Board had paid the "initial medical bills" of $1,271.46.[3] The court found that while defendant had not waived his right to be present, defense counsel had notified him about the hearings by mail, and there had been no contact with defendant. Defense counsel objected to an award to the Board on the ground that the Board "is funded through the victim restitution fine and fees that are assessed on criminal defendants," and here, such a fee was already assessed on defendant. Moreover, the victim had already been compensated. The court stated, "I think I have to order this amount to be paid," and ordered that defendant pay $1,271.46 because the "Board is entitled to restitution based on the amount they already paid to the victim."

## DISCUSSION

Defendant contends the trial court erred in ordering restitution to be paid to the Board without requiring documentation of the amount due. He points to section 1202.4, subdivision (f)(4)(B), which states: "The amount of assistance provided by the Restitution Fund shall be established by copies of bills submitted to the California Victim Compensation and Government Claims Board reflecting the amount paid by the board and whether the services for which payment was made were for medical or dental expenses, funeral or burial expenses, mental health counseling, wage or support losses, or rehabilitation. Certified copies of these bills provided by the board and redacted to protect the privacy and safety of the victim or any legal privilege, together with a statement made under penalty of perjury by the custodian of records that those bills were submitted to and were paid by the board, shall be sufficient to meet this requirement." Defendant asserts that the trial court erred by relying on the prosecutor's oral

[3] The prosecutor "found out through our restitution paralegal from our office that the Victim Compensation and Government Claims Board paid the initial medical bills on behalf of [the victim] in the amount of $1,271.46."

representation that $1,271.46 was paid to the victim, in the absence of documentary evidence supporting that conclusion.

The Attorney General asserts defendant forfeited his right to challenge the lack of documentary evidence because defendant failed to object on that basis at the restitution hearing. "'Ordinarily, a criminal defendant who does not challenge an assertedly erroneous [sentencing] ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal.' [Citation.] '"The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]"' [Citation.]" (*People v. McCullough* (2013) 56 Cal.4th 589, 593.) The forfeiture rule is quite broad and has even been applied in cases where the defendant's sentencing claim is couched in terms of a sufficiency-of-the-evidence argument. (*Id.* at pp. 593, 597 [by failing to raise issue in trial court, the defendant forfeited claim there was insufficient evidence he had the ability to pay booking fee].) This court will not reverse erroneous rulings that could have been, but were not, challenged below. (*Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 546.)

Defendant maintains that his claim is reviewable on appeal notwithstanding his failure to object, because the restitution award was unauthorized by statute. (See *People v. Brasure* (2008) 42 Cal.4th 1037, 1075.) There is "a narrow exception to the [forfeiture] rule for '"unauthorized sentences" or sentences entered in "excess of jurisdiction."' [Citation.] Because these sentences 'could not lawfully be imposed under any circumstance in the particular case' [citation], they are reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court.' [Citation.]" (*People v. Smith* (2001) 24 Cal.4th 849, 852.) Appellate intervention has been deemed "appropriate in these cases because the errors presented 'pure questions of law' [citation], and were '"clear and correctable" independent of any factual issues presented by the record at sentencing.' [Citation.] In other words, obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not [forfeited]." (*Ibid.*)

4

Defendant cannot escape the consequences of failure to object by characterizing the award as unauthorized by statute, rather than unwarranted by the evidence. (*People v. Brasure, supra,* 42 Cal.4th at p. 1075.) Defendant does not claim that the trial court lacked authority to issue a restitution order or question the amount claimed by the Board; he instead contends that copies of bills submitted to the Board were not produced at the restitution hearing. We find this merely an evidentiary failure and because defendant failed to object below, his claim is forfeited. Claims deemed forfeited on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner. (*People v Scott* (1994) 9 Cal.4th 331, 354; see *People v. Smith, supra,* 24 Cal.4th at p. 852.) The restitution order was otherwise within the court's statutory authority (see generally § 1202.4) and an objection for failure to provide copies of bills was required to preserve defendant's claim for appellate review.

Defendant lastly contends the trial court erroneously believed it lacked discretion to award a reduced amount of restitution. A trial court has no discretion over the issuance of the award itself (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751-1752) and "really very little discretion" over the amount of the award  (*id.* at p. 1754). "The statute requires the award be set in an amount which will fully reimburse the victim for his losses unless there are clear and compelling reasons not to do so." (*Id.* at p. 1754.) A court's reasons for awarding less than full restitution must be stated on the record. (§ 1202.4, subd. (f).) Remand for resentencing is not required if the record demonstrates the trial court was aware of its sentencing discretion. (*People v. Belmonte* (1983) 34 Cal.3d 335, 348, fn. 8; *People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1523.) Further, remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion. Error may not be presumed from a silent record. (*People v. White Eagle, supra,* at p. 1523.) "'[A] trial court is presumed to have been aware of and followed the applicable law.' [Citations.]" (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517.)

In this case, the victim's initial medical bills amounted to $1,271.46 and absent a clear and compelling reason to reduce the amount, the court was required to impose it. In

the trial court and now on appeal, defendant failed to identify any compelling and extraordinary reasons for a reduced award.  (*People v. Rowland, supra,* 51 Cal.App.4th at p. 1754.)  The court properly noted the Board was entitled to reimbursement for the amount already paid to the victim, which is presumed to be a direct result of the defendant's criminal conduct.  (§ 1202.4, subd. (f)(4)(A).)  The court is not required by section 1202.4 to explain an award which will fully reimburse the victim for his losses, only if the award is reduced.

## DISPOSITION

The restitution order is affirmed.

KRIEGLER, J.

We concur:

TURNER, P. J.

MOSK, J.

6