Filed 2/25/21  P. v. Hail CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br>v.<br><br>WILLIAM EDWARD HAIL III,<br>        Defendant and Appellant. | A158722<br><br>(Sonoma County Super.<br> Ct. No. SCR695503) |

Defendant William Edward Hail III's appellate counsel requests that this court independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) regarding the trial court's post-trial order that Hail pay victim restitution totaling $512,540.  Hail's counsel informed him of his right to file a supplemental brief and he has not done so.  Upon our independent review of the record under *Wende*, we conclude there are no arguable appellate issues requiring further briefing and affirm.

**BACKGROUND**

We affirmed Hail's judgment of conviction in an unpublished opinion, *People v. Hail*, filed on February 25, 2021 (A156418), which we are issuing at the same time as this opinion.[1]  There, we discussed the background facts regarding the charges against Hail, the evidence presented at trial of

---

[1]  We may cite to A156418 "to explain the factual background of the [current] case."  (*K.G. v. Meredith* (2012) 204 Cal.App.4th 164, 172, fn. 9.)

1

regarding his criminal conduct (as well as that of co-defendant Douglas Jensen, who was convicted of certain charges as part of a negotiated disposition of his case, and who is not a party to this appeal) and his convictions after a jury trial. We shall not repeat that discussion other than to note that in December 2018 Hail was convicted of six counts of financial crimes against Jane Doe and John Doe (collectively, the Does), two elderly residents of Petaluma, California, and an aggravated white collar enhancement was found to be true, after evidence was presented that the Does had paid Hail over $700,000 to perform work on their residences under certain contracts, but which he either did not perform or did not complete. (*People v. Hail* (Feb. 25, 2021, A156418) at pp. 2-3.) Hail was sentenced to six years in prison. (*Id.* at p. 4.)

After sentencing, the People filed an extensive analysis of the economic losses of the two elderly victims of Hail's criminal conduct, Jane Doe and John Doe (who had passed away before trial), and sought an order that Hail pay restitution in the amounts of $281,367.98 to Jane Doe and $403,735.98 to the estate of John Doe. These amounts were comprised of the Does' overpayments to Hail, based on evidence presented at trial, and the corrective costs to complete the work at their homes that Hail had not completed. The People stated that, for Jane Doe, these amounts were $260,495.84 and $20,872.14 respectively, and for John Doe, these amounts were $296,298.98 and $107,437 respectively.

In October 2019, the court held a contested restitution hearing after repeatedly resetting the date of the hearing for much of 2019. The prosecution and co-defendant Jensen, through his counsel, informed the court that they had agreed to a stipulation under which Jensen would be jointly

and severally liable for a total of $512,450.83 in restitution to the Does.[2] The prosecutor explained that Jensen's counsel had conducted an analysis and determined that Jane Doe's contract-based economic losses were $122,757.94 and her overpayment to Hail was $79,369.89, a total of $202,127.83. John Doe's contract-based economic losses were $225,683 and his overpayments were $84,730, a total of $310,413. The prosecutor stated she had agreed with this analysis in order to reach an agreement, which she considered to be "a reasonable solution to the restitution issue that's based on the facts and the law," and could argue for more.

The court said it had reviewed Jensen's counsel's analysis, found it comprehensive, and considered the parties' agreement to be a reasonable compromise in light of the strengths and weaknesses of the case for restitution and in order to bring closure. The court agreed with Jensen's counsel that the Does could pursue economic damages in a civil lawsuit.

Hail's counsel told the court that he believed Jensen's counsel's analysis under the restitution laws was "appropriate," but moved for a continuance for Hail's expert to study whether the corrective costs in both the prosecution's and Jensen's counsel's analyses were appropriate. He said he had subpoenaed seven contractors that did corrective work and had an expert reviewing certain costs, but that he had released the contractors from appearing at the hearing because he understood from the public defender's office that such hearings had been cancelled (for reasons not stated in the record).

The prosecutor opposed Hail's motion for a continuance. She said it had been known for a couple of days that the court would be open to conduct

---

[2] This total amount of restitution appears to be a slight misstatement, as the amounts of restitution proposed to be paid to the Does, and later ordered by the court, add up to $512,540.

the scheduled hearing, that the hearing was supposed to have occurred for the past year, and that the amount of Hail's actual theft exceeded the corrective costs "by hundreds of thousands of dollars."

The court said the restitution amounts agreed to by the prosecution and Jensen were "more than reasonable for resolution," "the exposure [of Hail] is much higher," and the parties had had "many, many months to prepare, subpoena witnesses, prepare their own side of the case. Waiting until the last minute to do anything with the contractors is a little bit dilatory." The court was determined not to "waste everybody's time" and "come back here and arrive at the exact same numbers," and said that if Hail did not stipulate to the amounts agreed to by the prosecution and Jensen, "all bets are off and the Court will go through a full analysis. And right now, . . . my analysis shows numbers quite a bit higher than that and [I] may consider making adjustments between the defendants as to exposure, liability."

Hail's counsel responded that he had only received the corrective costs a few weeks before the hearing, submitted on his motion for a continuance and indicated that he did not have any witnesses to call.

The court then denied Hail's motion for a continuance and invited Hail's counsel to argue the merits of the restitution amounts. Counsel declined to argue, and indicated that Hail would object to whatever restitution amounts the court ordered.

The court then said that, in its analysis, Hail was liable for a total restitution amount that was close to or over $700,000. The court said that, even without hearing expert testimony, it thought Hail's exposure was "a lot more" than the restitution amounts agreed to by the prosecution and Jensen. The court ruled that Jensen and Hail were jointly and severally liable for restitution to Jane Doe in the amount of $202,127 and to the estate of John

4

Doe in the amount of $310,413, and that this was a just and reasonable compromise and fair amounts to the victims given the defendants' exposure.

Hail filed a timely notice of appeal from the court's ruling.

## DISCUSSION

Crime victims are entitled to restitution for losses suffered as a result of a criminal act. (Cal. Const., art. I, § 28, subd. (b)(13).) "[V]ictim restitution is mandated by both the Constitution and [Penal Code] section 1202.4." (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751.) As summarized by one of many appellate courts, "[i]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims. (§ 1202.4, subd. (f).) The restitution order must be sufficient to fully reimburse the victim or victims for every determined economic loss incurred as a result of the defendant's criminal conduct . . . (§ 1202.4, subd. (f)(3)(H))." (*People v. Williams* (2010) 184 Cal.App.4th 142, 146.)

"At a victim restitution hearing, a prima facie case for restitution is made by the People based in part on a victim's testimony on, or other claim or statement of, the amount of his or her economic loss. [Citations.] 'Once the victim has [i.e., the People have] made a prima facie showing of his or her loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim.' " (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

" 'The standard of review of a restitution order is abuse of discretion. "A victim's restitution right is to be broadly and liberally construed." [Citation.] " 'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' " [Citations.]' [Citation.] However, a restitution order

'resting upon a " 'demonstrable error of law' " constitutes an abuse of the court's discretion. [Citations.]' [Citation.] 'In reviewing the sufficiency of the evidence [to support a factual finding], the " 'power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,' to support the trial court's findings." [Citations.] Further, the standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt. [Citation.] "If the circumstances reasonably justify the [trial court's] findings," the judgment may not be overturned when the circumstances might also reasonably support a contrary finding. [Citation.] We do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact. [Citations.]' " (*People v. Millard, supra*, 175 Cal.App.4th at p. 26.) Where the legal basis for a restitution award is under challenge, we conduct de novo or independent review. (*People v. Brunette* (2011) 194 Cal.App.4th 268, 277.)

We have conducted an independent review of the record under *Wende* regarding the court's restitution orders, including of the People's extensive analysis of the victims' economic losses. We conclude there are no arguable appellate issues requiring further briefing and affirm.

## DISPOSITION

The order appealed from is affirmed.

6

_____

STEWART, J.

We concur.

_____

RICHMAN, Acting P.J.

_____

MILLER, J.

*People v. Hail* (A158722)

7