Filed 6/25/25  P. v. Luna CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> MIGUEL ANGEL MARTINEZ LUNA, <br><br>     Defendant and Appellant. | A170374 <br><br> (Napa County Super. Ct. No. 23CR001946) <br><br><br> ORDER MODIFYING OPINION, DENYING PETITION FOR REHEARING |

**THE COURT\*:**

Appellant's name in the caption of the nonpublished opinion filed June 9, 2025 shall be amended to read "MIGUEL ANGEL MARTINEZ LUNA." Appellant's petition for rehearing filed June 20, 2025 is denied.  There is no change in the judgment.


Dated: 6/25/2025             Tucher, P.J._____

---

\*Tucher, P. J., Petrou, J., and Rodríguez, J. participated in the decision.

1

Filed 6/9/25  P. v. Luna CA1/3 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ANGEL MATINEZ LUNA,<br><br>        Defendant and Appellant. | A170374<br><br>(Napa County Super. Ct.<br>No. 23CR001946) |

**MEMORANDUM OPINION**[1]

Miguel Angel Martinez Luna pled no contest to reckless driving and was ordered to pay victim restitution.  (Veh. Code, § 23103, subd. (a); Pen. Code, § 1202.4, undesignated statutory references are to the Penal code.)  He appeals the restitution order.  We affirm.

In August 2023, while backing his car out of a parking spot, Luna struck a bicyclist who was riding on the wrong side of the road, next to parked cars, and without a helmet.  Before he backed out and hit the bicyclist, Luna's car was parked amongst the others.  When Luna hit him, the bicyclist fell off his bike and suffered a fractured nose, chipped teeth, and cuts to his forehead and lip.  Luna got out of his car, got back in, and drove away.

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)

1

An ambulance arrived, took the bicyclist to the hospital, and charged him $3,786.75.

In November 2023, the prosecutor charged Luna with a hit and run resulting in injury, leaving the scene of an accident, driving without evidence of financial responsibility, vandalism over $400, and reckless driving. (Veh. Code, §§ 20001, subds. (a), (b)(1), 16028, subd. (a), 23103, subd. (a); § 594, subd. (b)(1).) Luna ultimately pled no contest to the vandalism and reckless driving charges; the prosecution dismissed the remaining charges, but the parties agreed the trial court could consider them for restitution purposes.

In January 2024, the trial court suspended Luna's sentence, placed him on probation for two years, and ordered him to serve 30 days in county jail and to pay victim restitution for the ambulance bill. Luna requested a hearing and contested the restitution order. At the hearing, he argued that the court should consider the bicyclist's comparative fault since he rode his bike on the wrong side of the road without a helmet. The court concluded "the correct measure of restitution to the victim in this case is for the defendant's flight from the scene of the incident." It reasoned Luna had a duty "to stop and provide identification to the victim, or to a bystander . . . nearby. And he didn't do that. And for that reason I'm going to find that the amount of the victim restitution for the ambulance service in the amount of $3,786.75 is recoverable." The court ordered him to pay $3,786.75.

On appeal, Luna argues the restitution order should be reversed because the bicyclist's injuries resulted from the collision, not from his flight thereafter. The Attorney General concedes the trial court erred by relying on Luna's flight from the scene but contends the order is still proper because Luna's reckless driving caused the bicyclist's injuries. We agree.

California law mandates an award of victim restitution when " 'a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary.' " (*People v. Giordano* (2007) 42 Cal.4th 644, 652.)  A trial court's only discretion is in "fixing the amount of the award." (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751.)  Section 1202.4 — the restitution statute — " 'allows for recovery of a broad variety of economic losses . . . incurred as a result of the defendant's criminal conduct.' " (*People v. Kelly* (2020) 59 Cal.App.5th 1172, 1179.)  Restitution " ' "shall be of a dollar amount sufficient to fully reimburse the victim" for economic losses caused by the defendant's criminal conduct.' " (*People v. Marrero* (2021) 60 Cal.App.5th 896, 906.)  A restitution award must be affirmed so long as it is supported by a " ' "factual and rational basis." ' " (*Ibid.*)

Although the trial court's reliance on Luna's flight in issuing the restitution order was erroneous, we nevertheless affirm.  (*People v. Zapien* (1993) 4 Cal.4th 929, 976 [" ' "If right upon any theory of the law applicable to the case, [a ruling] must be sustained regardless of the considerations which may have moved the trial court to its conclusion" ' "].)  Given that Luna pled no contest to reckless driving, and the parties agree the resulting collision caused the bicyclist's injuries and ambulance bill, the court was *obliged* to award victim restitution.  (*People v. Giordano, supra,* 42 Cal.4th at p. 652; *People v. Martinez* (2017) 2 Cal.5th 1093, 1107, fn. 3 [restitution proper when reckless driving causes injuries].)  Its only discretion lay "in fixing the amount of the award." (*People v. Rowland, supra,* 51 Cal.App.4th at p. 1751.)  Requiring Luna to reimburse the bicyclist for the cost of the ambulance was supported by a factual and rational basis.

Citing *People v. Millard* (2009) 175 Cal.App.4th 7, 26, Luna next argues the trial court erred by not reducing the restitution award given the

3

bicyclist's comparative negligence — riding a bike on the wrong side of the road without a helmet. But *Millard* concluded "a trial court may apply the doctrine of comparative negligence in awarding victim restitution against a *criminally negligent* defendant." (*Id.* at p. 13, italics added.) Yet reckless driving requires an intentional choice, not negligence. (*People v. Barber* (2020) 55 Cal.App.5th 787, 806, 808.) In any event, the decision to apply the doctrine of comparative negligence is discretionary. (*Millard*, at p. 13.)

## DISPOSITION

The judgment is affirmed.

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
TUCHER, P. J.


_____
PETROU, J.


A170374; *People v. Luna*

5