Filed 6/10/14  P. v. Grajeda CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>TOMAS GRAJEDA, JR.,<br><br>      Defendant and Appellant. | D064452<br><br><br>(Super. Ct. No. FVA025452) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Stephen G. Saleson, Judge.  Affirmed as modified.

Sharon M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Sean M. Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

Tomas Grajeda, Jr., appeals a judgment following his jury conviction of one count of willful, deliberate, and premeditated attempted murder (Pen. Code, §§ 664, 187, subd.

(a))[1] and one count of carrying a loaded firearm while an active participant in a criminal street gang (Pen. Code, former § 12031, subd. (a)(2)(C)).  In a bifurcated proceeding, the trial court found true allegations that Grajeda had two or more serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subd. (c)(2)).  On appeal, Grajeda contends: (1) the trial court abused its section 1385 discretion by denying his request to dismiss two or more of his prior strike conviction allegations in the interests of justice; (2) the court erred by denying him presentence conduct credits; and (3) the abstract of judgment must be corrected to reflect the court's permanent stay of the restitution and parole revocation fines it imposed.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2005, Grajeda met Shannan Baird and, a few weeks later, they began staying in hotels together.  On September 22, they began staying at a Best Western Hotel in Rialto.  During the evening of September 24, the hotel manager sent Amer Hameed, the hotel's security officer, to their room to talk to them about paying their telephone bill.  When Hameed knocked on the door, Baird opened the door and he told her about the bill.  While Hameed waited outside, Baird called the hotel's front office.  During the call, Grajeda walked into the hotel room and sat on the bed without saying anything to Hameed.  After the call, Baird told Hameed she had talked to the front office.  The hotel manager then contacted Hameed and told him the matter had been resolved, and Hameed left.

---

1    All statutory references are to the Penal Code.

Later that night, Hameed was sitting in his car in the hotel's parking lot when he saw Grajeda and Baird get in their truck and prepare to leave. Hameed could hear them arguing. Grajeda, the truck's driver, stopped the truck near Hameed's car and walked toward Hameed. Grajeda was upset with Hameed and accused him of going into his hotel room. Inferring that Grajeda was accusing him of having a relationship with Baird, Hameed told him he did not know Baird and had not gone inside their room. Hameed looked toward Baird in the truck and asked her whether he had gone into their room. Baird rolled up her window without replying.[2] Hameed turned back toward Grajeda, who pulled out a gun and pointed it at him. Hameed raised his hands in a stopping motion and asked Grajeda what he was doing. Grajeda then shot Hameed in the chest. Hameed survived the gunshot, but remained in the hospital for eight days.

A second amended information charged Grajeda with one count of willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a)) and one count of carrying a loaded firearm while an active participant in a criminal street gang (Pen. Code, former § 12031, subd. (a)(2)(C)). It further alleged that in committing count one, he personally and intentionally discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (d)), he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and he personally used a firearm (§ 12022.53, subd. (b)). The

---

[2] At trial, Baird contradicted Hameed's testimony, stating she replied, "I don't know anything."

information further alleged that he had three prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subd. (c)(2)).

At trial, the prosecution presented the testimony of Hameed and other witnesses substantially as described above. In his defense, Grajeda testified, denying he ever had a gun or shot Hameed. He testified that he only punched Hameed in the face and then walked away. The jury found Grajeda guilty on both counts and found true the firearm and gang allegations. In a bifurcated proceeding, the trial court found true the allegation that Grajeda had two or more prior serious or violent felony convictions within the meaning of the three strikes law. The trial court initially sentenced him to a total term of 70 years to life in prison, but on appeal in case No. D058090 we reversed the judgment in part based on insufficient evidence to support the criminal street gang enhancement. On remand, the trial court resentenced Grajeda to a total term of 50 years to life in prison. On appeal in case No. D060725, we remanded the matter for resentencing because Grajeda was not present for the second sentencing hearing.

At the third sentencing hearing, the trial court denied Grajeda's request to dismiss two or more of his prior strike conviction allegations pursuant to section 1385. The court granted the People's motion to dismiss count 2 and, applying the three strikes law, sentenced him to a total term of 50 years to life in prison for count 1 and the section 12022.53, subdivision (d), firearm allegation. The court also imposed various fines. Grajeda timely filed a notice of appeal.

4

DISCUSSION

I

*Denial of Request to Dismiss Prior Felony*
*Conviction Allegations under Three Strikes Law*

Grajeda contends the trial court abused its discretion under section 1385 by denying his request to dismiss two or more of his prior felony conviction allegations. He argues that because those prior felony convictions occurred when he was a juvenile and less morally culpable than an adult, the court should have concluded he was outside the spirit of the three strikes law and exercised its section 1385 discretion to dismiss two or more of his prior felony conviction allegations in the interests of justice.[3]

A

Section 1385, subdivision (a), provides: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . ." In *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, the court concluded trial courts have the discretion under section 1385, subdivision (a), to dismiss prior felony conviction allegations under the three strikes law. (*Romero,* at pp. 529-530.) Exercise of that discretion is subject to review for abuse of discretion. (*Id*. at p. 530.) In deciding whether to dismiss a prior felony conviction allegation, a trial court must consider the constitutional rights of the

_____

[3]     We note that because the trial court found Grajeda had three prior felony convictions, he would not have received a more favorable sentence under the three strikes law unless the court dismissed at least two of those prior felony conviction allegations. (§§ 667, subds. (b)-(i), 1170.12, subd. (c)(2).)

defendant and the interests of society. (*Id*. at pp. 530-531.) In so doing, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the . . . spirit" of the three strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) *Williams* stated:

> "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385[, subdivision] (a), or in reviewing such a ruling, the court in question must consider whether, in light of *the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects*, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Ibid*., italics added.)

The reasons for dismissal of a prior felony conviction allegation must be set forth in the trial court's order entered in the minutes. (§ 1385, subd. (a); *People v. Williams*, *supra*, 17 Cal.4th at p. 161.) However, section 1385, subdivision (a), does *not* require a trial court to state its reasons for declining to dismiss a prior felony conviction allegation. (*People v. Zichwic* (2001) 94 Cal.App.4th 944, 960.)

The trial court's decision whether to dismiss a prior felony conviction allegation is reviewed for abuse of discretion. (*People v. Romero* (2002) 99 Cal.App.4th 1418, 1434.) "Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

6

B

We conclude the trial court did not abuse its section 1385 discretion by not dismissing two or more of Grajeda's prior felony conviction allegations. The court was aware of, and considered, the circumstances of those prior felony convictions. Grajeda was 16 years old when he committed those prior offenses. On February 19, 1988, Grajeda committed an armed robbery against one victim at a market. On February 21, 1988, he committed an armed robbery against two victims at another market. In denying Grajeda's section 1385 request, the court expressly considered the fact he was 16 years old at the time of those prior felony offenses, but noted he had a gun during both robberies and "[s]omeone could have been killed."

The trial court further described Grajeda's criminal history since his prior felony convictions, concluding it showed he had not refrained from criminal activity, gained maturity or wisdom, or felt "the need to conform to society's laws as you got older." Since Grajeda's prior felony convictions in 1988, he had a forgery conviction, multiple drug convictions, multiple firearm convictions, and repeated parole violations. The prosecutor noted Grajeda had not been free of custody for more than a period of one or two years during the 20 or more years he had been in the criminal justice system. The court addressed Grajeda, stating: "Your actions speak loudly about your character for being law-abiding, but the positive attitudes that you would like me to consider have been very quiet." The court concluded: "I can't find based on all of that criteria that you would be outside the spirit of the three strikes law. . . . I think your behavior is within it, and it

7

has been for a long time for whatever reason." The court denied his section 1385 request to dismiss two or more of his prior felony conviction allegations.

The record shows the trial court clearly considered Grajeda's relative youth and immaturity at the time of his prior felony convictions, but weighed those mitigating factors against the egregious nature of those prior convictions, his criminal history and the nature and circumstances of the instant offense, and found he was not outside the spirit of the three strikes law. Based on our review of the record, we conclude the trial court did not abuse its discretion by so finding.

Furthermore, contrary to Grajeda's apparent assertion, there is nothing in the recent cases he cites regarding sentencing of juveniles to life terms without the possibility of parole that shows the trial court abused its section 1385 discretion in the circumstances of this case. In *People v. Caballero* (2012) 55 Cal.4th 262, the California Supreme Court cited recent decisions of the United States Supreme Court (i.e., *Graham v. Florida* (2010) 560 U.S. 48 and *Miller v. Alabama* (2012) 567 U.S. ___ [132 S.Ct. 2455, 183 L.Ed.2d 2455]) and concluded a 110-year-to-life prison term imposed on a juvenile for nonhomicide offenses constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. (*Caballero*, at pp. 265-269.) *Caballero* reasoned the term imposed on the juvenile was the functional equivalent of the unconstitutional life-without-the-possibility-of-parole sentence imposed on the juvenile

in *Graham*.[4]  (*People v. Caballero, supra*, 55 Cal.4th at pp. 268-269.)  It further noted that *Graham* requires a sentencing court to consider all mitigating circumstances, including the chronological age of the juvenile at the time of the crime, whether the juvenile was the direct perpetrator or an aider and abettor, and his or her physical and mental development.  (*Caballero*, at pp. 268-269.)

Because Grajeda was not a juvenile at the time of the instant offense, the cases discussed above do not, as he concedes, apply to his sentencing under the three strikes law.[5]  Instead, Grajeda argues that the underlying reasoning in those cases (e.g., juveniles' brains are not as developed as adults' brains and juveniles may have undeveloped moral senses) should have been considered by the trial court in sentencing him.  He argues that if the court had considered his immaturity at the time of his prior felony convictions and the long period of time between those prior convictions and the instant offenses, it would, and should, have concluded he was not within the spirit of the

---

[4]     As the People note, the Legislature enacted section 3051 in response to *Caballero* and other cases.  Section 3051 provides that a juvenile who is sentenced to a term of 25 years to life in prison is eligible for parole during his or her 25th year of imprisonment.  (§ 3051, subd. (b)(3).)  Furthermore, during a juvenile's parole hearing, the Board of Parole Hearings must consider the juvenile's growth and maturity and the diminished culpability of juveniles.  (§ 3051, subd. (f)(1), (2).)  However, section 3051 expressly states that its provisions do not apply in sentencing juveniles under the three strikes law or when the juvenile, after turning 18 years of age, committed an offense requiring malice aforethought.  (§ 3051, subd. (h).)

[5]     As the People note, certain juvenile offenses may qualify as strikes under the three strikes law.  (*People v. Garcia* (1999) 21 Cal.4th 1, 3, 13; § 667, subd. (d)(3).)  Grajeda does not assert that his prior juvenile adjudications for armed robbery cannot, as a matter of law, be considered prior felony convictions under the three strikes law.

three strikes law and granted his section 1385 request. However, as discussed above, the record shows the trial court did consider those factors. The court noted Grajeda was 16 years old at the time of his prior strike offenses and since that time had not refrained from criminal activity, gained maturity or wisdom, or felt "the need to conform to society's laws as [he] got older." Therefore, the court properly weighed those mitigating circumstances against the nature and circumstances of those prior offenses and of the instant offense and his criminal history, and found he did not fall outside the spirit of the three strikes law. We conclude the trial court did not abuse its section 1385 discretion by so finding.

II

*Conduct Credits for Presentence Custody*

Grajeda contends the trial court erred by not awarding him conduct credits for his presentence custody. He asserts that under sections 4019 and 2933.1 he is entitled to conduct credits for 15 percent of the actual days he spent in presentence custody. The People concede Grajeda is entitled to conduct credits under section 2933.1 equal to 15 percent of his presentence custody.

Section 4019 generally provides that a defendant is entitled to four days of credit for every two days spent in presentence custody for satisfactory conduct. However, section 2933.1 limits the amount of those conduct credits to only 15 percent of presentence custody in cases involving felony offenses listed under section 667.5, subdivision (c). Attempted murder is a listed felony offense. (§ 667.5, subd. (c)(12).) Accordingly, Grajeda is entitled to conduct credits under sections 4019 and 2933.1 equal

to 15 percent of his presentence custody. The People calculate, and Grajeda does not dispute, that he served a total of 1,296 days from the date of his arrest for the instant offenses (i.e., January 6, 2006) until the date of his initial sentencing in this case (i.e., July 24, 2009). Accordingly, he is entitled to a total of 194 days (i.e., 1,296 multiplied by 0.15) of presentence custody conduct credits under sections 4019 and 2933.1. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 32-33 [presentence credits are not awarded for custody served between initial sentencing and resentencing after remand]; *People v. Ramos* (1996) 50 Cal.App.4th 810, 815-816 [section 2933.1 gives defendant greatest whole number of days not exceeding 15 percent of presentence custody].) Rather than remanding the matter for resentencing, we elect to modify the judgment to award Grajeda 194 days of presentence custody conduct credits under sections 4019 and 2933.1 and instruct the superior court clerk to prepare an amended abstract of judgment reflecting this modification and forward a certified copy of it to the Department of Corrections and Rehabilitation.

III

*Restitution and Parole Revocation Fines*

Grajeda contends the abstract of judgment must be corrected to reflect the trial court's permanent stay of the restitution and parole revocation fines it imposed.

A

At sentencing, the trial court stated it would reduce Grajeda's section 1202.4 restitution fine and section 1202.45 parole revocation fine to $280 each. However, after

11

Grajeda complained he could not earn sufficient money in prison to pay those fines, the court stated:

> "Tell you what I will do. I will stay both the [$280] fines and only impose the [$3,170] to the Victims Computation Appeals Board because I think that has to be imposed, should be imposed, and will be imposed. The other two are *stayed*." (Italics added.)

The court's minutes state that the court "permanently stayed" the $280 section 1202.4 restitution fine and "stayed pending successful completion of parole" the $280 section 1202.45 fine. However, the abstract of judgment states that Grajeda must pay the $280 section 1202.4 restitution fine "forthwith" pursuant to section 2085.5, and the $280 section 1202.45 parole revocation fine is "suspended unless parole is revoked."

B

Contrary to Grajeda's assertion, the trial court did not permanently stay the section 1202.45 parole revocation fine. Rather, it properly stayed that fine by suspending it unless his parole was revoked. Therefore, the abstract of judgment correctly reflects the court's judgment regarding the parole revocation fine.

Although the trial court orally pronounced that it "stayed" Grajeda's section 1202.4 fine, its judgment did not "permanently" stay that fine. To the extent the trial court's oral pronouncement of judgment and its minutes or abstract of judgment conflict with its oral pronouncement, its oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [abstract of judgment does not control if different from the trial court's oral pronouncement]; *People v. Hong* (1998) 64 Cal.App.4th 1071, 1075-1076; *People v. Mesa* (1975) 14 Cal.3d 466, 471 [rendition of judgment is an oral pronouncement and

12

any discrepancy in court's minutes is presumed to be the result of clerical error]; *People v. Hartsell* (1973) 34 Cal.App.3d 8, 14.) Therefore, the record shows the court simply "stayed" his section 1202.4 fine.

Nevertheless, as the People assert and Grajeda concedes, the trial court acted in excess of its authority in staying the section 1202.4 fine. "[V]ictim restitution is *mandated* by both the Constitution and section 1202.4." (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751, italics added.) The trial court has discretion only regarding the amount of the mandated restitution fine and not its imposition. (*Id.* at pp. 1751-1752.) Furthermore, a sentence is unauthorized when a court awards less than full victim restitution without stating a clear and compelling basis for its decision. (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1225-1226.) Section 1202.4, subdivision (g), provides: "The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution order, nor shall inability to pay be a consideration in determining the amount of a restitution order."

The record in this case shows the trial court did not state any compelling and extraordinary reason to not impose a section 1202.4 restitution fine on Grajeda. At most, the court appears to have stayed the $280 restitution fine based on Grajeda's inability to earn sufficient money in prison to pay that fine. However, that reason does not constitute a "compelling and extraordinary reason" under section 1202.4, subdivision (g), for a decision to not impose, or as in this case stay the imposition of, a section 1202.4

13

restitution fine. Therefore, the trial court erred by staying its imposition of the $280 section 1202.4 restitution fine. Rather than remanding the matter for resentencing, we elect to modify the judgment to impose that fine without any stay. However, because the abstract of judgment states a section 1202.4 restitution fine of $280 is imposed on Grajeda without any mention of a stay of that fine, it correctly states the section 1202.4 fine imposed on him and therefore need not be amended.

## DISPOSITION

The judgment is modified to award Grajeda 194 days of presentence custody conduct credits pursuant to sections 4019 and 2933.1 and to impose a $280 fine pursuant to section 1202.4. The superior court clerk is ordered on issuance of the remittitur to prepare an amended abstract of judgment reflecting the modification awarding the presentence custody conduct credits, and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

McDONALD, J.

WE CONCUR:

HUFFMAN, Acting P. J.

AARON, J.

14