Opinion
 

 COFFEE, J.
 

 Appellant Alfredo Vidal Pinedo was ordered to pay direct victim restitution as a condition of his probation. The amount included
 
 *1405
 
 attorney’s fees incurred by the victim to secure a civil settlement from appellant’s insurance carrier. Because appellant failed to demonstrate the amount of fees was unreasonable, we affirm.
 

 Facts
 

 Appellant was in a traffic collision while driving with a blood-alcohol level of .19 percent. His car spun out of control and hit a car driven by Jonathan Richards, who was injured as a result. Richards retained counsel and received a civil settlement of $22,000 for claims arising from the collision. The settlement was paid by appellant’s insurance carrier and compensated Richards for lost wages, medical bills, and property damage to his car. Of the settlement, $7,333 was paid to Richard’s attorney as a contingency fee.
 

 Appellant pled no contest to one count of driving under the influence and causing injury. (Veh. Code, § 23153, subd. (a).) He was placed on probation and ordered to pay direct victim restitution to Richards under Penal Code former section 1202.4.
 
 [1]
 
 The restitution amount included $7,000 for the contingency fee paid to Richards’s attorney.
 

 Discussion
 

 The California Constitution provides, “It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer.” (Cal. Const., art. I, § 28, subd. (b).) Restitution has long been considered a valid condition of probation because of its rehabilitative value. (See
 
 People
 
 v.
 
 Carbajal
 
 (1995) 10 Cal.4th 1114, 1121 [43 Cal.Rptr.2d 681, 899 P.2d 67].) In felony cases where probation is granted, the court must order direct victim restitution in “every case in which a victim has suffered economic loss as a result of the defendant’s conduct.” (§ 1202.4, subd. (f);
 
 [2]
 
 see also §§ 1202.4, subd. (a), 1203.1, subd. (a)(3).)
 

 Appellant first argues the restitution order was improper because the contingency fee did not arise from the criminal prosecution. The test is not whether the victim’s legal fees arose directly from the criminal case, but whether they were a “determined economic loss incurred as a result of the
 
 *1406
 
 defendant’s criminal conduct.” (§ 1202.4, subd. (g).) Appellant’s drinking and driving directly caused the lost wages, medical bills and property damage covered by the settlement. The legal expense incurred by the victim to recover these damages from appellant’s insurance carrier was “proper, necessary, and a logical result of appellant’s criminal conduct.”
 
 (People
 
 v.
 
 Lyon
 
 (1996) 49 Cal.App.4th 1521,1525-1526 [57 Cal.Rptr.2d 415]; see also § 1202.4, subd. (f)(3)(G), added by Stats. 1996, ch. 629, § 3 [recoverable economic losses include “Actual and reasonable attorney’s fees and other costs of collection accrued by a private entity on behalf of the victim”].)
 

 Appellant argued at the sentencing hearing that it was improper to award the entire contingency fee amount because some of the settlement was attributable to noneconomic damages such as pain and suffering, which may not be ordered as direct victim restitution. (See
 
 People
 
 v.
 
 Fritchey
 
 (1992) 2 Cal.App.4th 829, 841 [3 Cal.Rptr.2d 585];
 
 People
 
 v.
 
 Vega-Hernandez
 
 (1986) 179 Cal.App.3d 1084, 1091, 1096-1097 [225 Cal.Rptr. 209].) But he failed to demonstrate that the settlement was based on anything other than economic losses and has not renewed this issue on appeal. We need not and do not decide whether attorney’s fees attributable to the recovery of noneconomic damages are allowable under section 1202.4.
 

 Appellant next claims the restitution order results in double payment to the victim. He is mistaken because there is no evidence the insurance company paid the victim’s attorney’s fees. The victim received a settlement which presumably compensated him for damages actually arising from the collision. Nothing in the record suggests this amount was increased to cover attorney’s fees, and the victim suffered a loss to the extent he had to pay part of his settlement to his attorney.
 

 Appellant finally claims the probation officer lacked sufficient information to determine whether the attorney’s fees were reasonable. The amount of fees due under a contingency fee agreement may be unreasonable in light of the work actually performed (see, e.g.,
 
 People
 
 ex rel.
 
 Dept. of Transportation
 
 v.
 
 Yuki
 
 (1995) 31 Cal.App.4th 1754, 1769-1771 [37 Cal.Rptr.2d 616]), but appellant presented no evidence at the sentencing hearing to show the contingency fee was disproportionate in this case.
 

 When the probation report includes a discussion of the victim’s loss and a recommendation on the amount of restitution, the defendant must come forward with contrary information to challenge that amount.
 
 (People
 
 v.
 
 Rivera
 
 (1989) 212 Cal.App.3d 1153, 1160-1161 [261 Cal.Rptr. 93].) Here the probation report recommended payment of $7,000 for attorney’s fees, and it was up to appellant to demonstrate this amount was unreasonable. Appellant’s trial attorney informed the court the victim’s civil case had
 
 *1407
 
 settled before a lawsuit was filed, but presented no information about the work actually performed in that matter. On the record before us we have no basis for finding the contingency fee unreasonable. The trial court did not abuse its discretion by following the probation officer’s recommendation. (See
 
 People
 
 v.
 
 Ortiz
 
 (1997) 53 Cal.App.4th 791, 800 [62 Cal.Rptr.2d 66].)
 

 The judgment is affirmed.
 

 Gilbert, Acting P. J., and Yegan, J., concurred.
 

 [1]
 

 All further statutory references are to the Penal Code.
 

 [2]
 

 Appellant’s crime was committed on September 8, 1996. Section 1202.4 was amended effective January 1, 1997. Unless otherwise noted, all references to section 1202.4 are to the version of that statute effective on the date of appellant’s offense.