Filed 6/19/14  P. v. Sorenson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN ANDERS SORENSON,<br><br>    Defendant and Appellant. | H039803<br>(Santa Clara County<br>Super. Ct. No. B1261608) |

Defendant John Anders Sorenson pleaded no contest to felony hit and run resulting in injury or death (Veh. Code, § 20001, subd. (a), (b)(1).  On appeal, he challenges only the amount of the restitution awarded to the victim.  Anticipating the People's waiver response, defendant contends that he received ineffective assistance of counsel at the restitution hearing when his attorney stipulated to the amount requested by the victim.  We agree with the second point and must therefore reverse the order and remand the matter for a new restitution hearing.

*Background*

Defendant was charged by felony complaint with (1) theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)), (2) failure to stop at the scene of an accident (hit and run) resulting in great bodily injury (Veh. Code, § 20001, subds. (a), (b)(1); Pen. Code, § 12022.7, subd. (a); Pen. Code, § 1203, subd. (e)(3)), and (3) driving with a license revoked for a conviction of driving under the influence (Veh. Code, § 14601.2,

subd. (a); Veh. Code, §§ 23152, 23153.).  The complaint contained the further allegation that defendant had suffered a prior conviction of driving under the influence (DUI) with three prior DUI convictions, and that he had served a prison term for the prior conviction. (Veh. Code, §§ 23152, 23550, subd. (a); Pen. Code, § 667.5, subd. (b).)  The charges arose when defendant, while driving a stolen car, struck and severely injured the victim, who was on his bicycle.  Defendant then left the scene.

Defendant pleaded no contest to the hit-and-run count, and in exchange the remaining charges were dismissed.  The court suspended imposition of sentence and placed defendant on probation, conditioned on service of one year in county jail, concurrent with a prison term he was already serving.  The court entered a general order of restitution, pending the victim's decision whether to request a specific restitution amount.

After receiving the victim's statements of loss, the probation officer recommended an order of restitution totaling $226,832.47, representing bills for the victim's extensive medical treatment, loss of income, an unspecified medical expense for the victim's wife, and a cost pertaining to the victim's bicycle.  At the ensuing hearing defense counsel represented that defendant was "not contesting the amount" of restitution.  Accordingly, the court ordered defendant to pay the victim that amount in restitution.  Defendant brought this timely appeal, challenging only the restitution award.

*Discussion*

Consistent with article I, section 28, of the California Constitution,[1] Penal Code section 1202.4, subdivision (f),[2] requires the trial court to award restitution to a victim

---

[1] This constitutional provision states that "all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer. [¶] (B) Restitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (Cal. Const. art. I, § 28, subd.

2

who has suffered economic loss as a result of the defendant's conduct. (§ 1202.4, subd. (f).) The restitution amount should be "based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).) "The burden is on the party seeking restitution to provide an adequate factual basis for the claim." (*People v. Giordano* (2007) 42 Cal.4th 644, 664.) However, once the prosecution has made a prima facie showing of the victim's loss, "the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." (*People v. Prosser* (2007) 157 Cal.App.4th 682, 691.) The restitution order shall be "sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct. . . ." (§ 1202.4, subd. (f)(3); see *People v. Moore* (2009) 177 Cal.App.4th 1229, 1232 [section 1202.4 must be construed broadly and liberally to compensate a victim for any economic loss that is proved to be the direct result of the defendant's criminal behavior].)

"[W]e review the trial court's restitution order for abuse of discretion. " (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) The trial court does not abuse its discretion "as long as the determination of economic loss is reasonable, producing a nonarbitrary result. Factors relevant to that determination will necessarily depend on the particular circumstances before the court." (*Id.* at p. 665.) Thus, the order "will not be reversed unless it is arbitrary or capricious. [Citation.] No abuse of discretion will be found where there is a rational and factual basis for the amount of restitution ordered." (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.)

The trial court may consider almost any kind of information in calculating restitution. (*People v. Phu* (2009) 179 Cal.App.4th 280, 283–284.) " 'Further, the

_____

(b)(13)(A), (B)); see also *People v. Giordano* (2007) 42 Cal.4th 644, 655 [examining intended scope of "losses"].)

[2] All further references to section 1202.4 are to the Penal Code.

3

standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt.' [Citation.]" (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.) " 'If the circumstances reasonably justify the [trial court's] findings,' the judgment may not be overturned when the circumstances might also reasonably support a contrary finding." (*People v. Baker* (2005) 126 Cal.App.4th 463, 469.) In reviewing the evidence, we do not reweigh or reinterpret it; we determine only whether there is sufficient evidence to support the inference drawn by the trier of fact. (*Ibid*.)

Defendant contends that the trial court abused its discretion in ordering $226,832.47 in restitution because (1) that total included amounts that were *billed* by the victim's medical providers, not the amounts those providers presumably accepted (i.e., amounts disallowed by the insurer); (2) it included medical expenses for the victim's wife, with no showing of any economic loss suffered by her; and (3) of the amount claimed as a loss, $2,760.38 was for the victim's bicycle without stating whether this was for repair or replacement and what its condition and value were at the time of the injury. Relying on the doctrines of forfeiture and invited error, the People respond that defendant may not contest the amount of the order, because he "stipulated" to it at the hearing.

Subdivision (f)(3) of section 1202.4 provides that the amount of restitution must be "sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct." "To 'fully reimburse' the victim for medical expenses means to reimburse him or her for all out-of-pocket expenses actually paid by the victim or others on the victim's behalf (e.g., the victim's insurance company). The concept of 'reimbursement' of medical expenses generally does not support inclusion of amounts of medical bills in excess of those amounts accepted by medical providers as payment in full." (*People v. Millard* (2009) 175 Cal.App.4th 7, 27; see also *People v. Bergin* (2008) 167 Cal.App.4th 1166, 1169 [trial court properly ordered restitution in the amount victim's medical insurers actually paid rather than the amount incurred by her medical providers]; *In re Anthony M.* (2007) 156 Cal.App.4th

4

1010, 1015 [juvenile court erred by ordering restitution in excess of the amount paid by Medi–Cal]; accord, *People v. Tuan Quong Duong* (2010) 180 Cal.App.4th 1533, 1539.)

Generally, to preserve a restitution issue for appellate review, the defendant must raise the objection in the trial court. (*People v. Gonzalez, supra,* 31 Cal.4th at p. 755; *People v. Whisenand* (1995) 37 Cal.App.4th 1383, 1395–1396; *In re S.S.* (1995) 37 Cal.App.4th 543, 547–548.)  "The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive." (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)  The objection to the amount thus may be forfeited if not raised in the trial court.

Defendant maintains that his claim is reviewable on appeal notwithstanding his failure to object, because the award of the billed amounts for medical treatment was an unauthorized sentence.  Defendant is correct that there is "a narrow exception to the [forfeiture] rule for "unauthorized sentences" or sentences entered in "excess of jurisdiction." ' [Citation.]  Because these sentences 'could not lawfully be imposed under any circumstance in the particular case' [citation] they are reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court.' [Citation.]" (*People v. Smith* (2001) 24 Cal.4th 849, 852.)  Appellate intervention has been deemed "appropriate in these cases because the errors presented 'pure questions of law' [citation] and were ' "clear and correctable" independent of any factual issues presented by the record at sentencing.' [Citation.]  In other words, obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not [forfeited]." (*Ibid.*)

In this case, however, we cannot say that under *any* circumstance the statement of medical expenses would have been unauthorized.  It is not clear even in this case that all of the medical providers would have refrained from seeking reimbursement from the

5

victim for those costs that the insurer disallowed.[3]  Defendant cannot escape the consequences of failure to object by characterizing the award as an unauthorized sentence.  Objection to these medical expenses was required to preserve defendant's claim for appellate review.

Defendant alternatively argues, however, that his trial counsel rendered ineffective assistance of counsel by conceding the accuracy of the restitution amount requested by the victim.  To prevail on this point, defendant must show both that his trial counsel's performance was deficient and that the deficiency prejudiced him.  (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-217-218; *Strickland v. Washington* (1984) 466 U.S. 668, 687.)  To demonstrate prejudice, defendant must affirmatively show a reasonable probability that, but for his trial counsel's errors, the result would have been different.  (*Strickland, supra*, 466 U.S. at p. 694; *Ledesma, supra,* 43 Cal.3d at pp. 217-218.)

Where, as here, an objection is required and is valid, the only possible excuse for failing to interpose it is a strategic decision.  We recognize that "except in those rare instances where there is no conceivable tactical purpose for counsel's actions, claims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal. [Citation.]  This is particularly true where, as here, the alleged incompetence stems from counsel's failure to object."  (*People v. Lopez* (2008) 42 Cal.4th 960, 972; *People v. Salcido* (2008) 44 Cal.4th 93, 172.)  In this case, however, we can conceive of no tactical reason for defense counsel to have affirmatively stated that defendant was "not contesting the amount."  Had he objected, defendant might have been able to show that the request for amounts *billed* was excessive as to some or all of the providers who were willing to

---

[3] Two of the four Explanation of Benefits forms indicated that the providers had agreed to accept the allowable amount as payment in full.  The third only identified charges that were "not payable" and those that "should not be billed on the facility claim and are not the member's responsibility."  The fourth listed the amount billed, amount paid, and a "[p]atient responsibility" of zero.

accept as full payment the amounts allowed by the insurer. For this reason we agree with defendant that his counsel was ineffective by failing to object to the restitution request for the medical expenses reflected in the Explanations of Benefits. We further find counsel's error to be prejudicial, as there is a reasonable probability that the court would have reduced the amount of its restitution order upon a showing that at least one of the medical providers would not have sought payment from the victim for the costs disallowed by his insurer.[4]

The People agree with defendant that the proper amount to be awarded the victim for his medical expenses is based on the amount the victim's medical providers accepted as payment in full rather than the amount they originally billed. "A restitution order is intended to compensate the victim for [his] *actual* loss and is not intended to provide the victim with a windfall." (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172 [italics added]; *In re Anthony M.* (2007) 156 Cal.App.4th 1010, 1015.) "While the court need not order restitution in the precise amount of loss, it 'must use a rational method that could reasonably be said to make the victim whole.' " (*People v. Chappelone*, *supra*, 183 Cal.App.4th at p. 1172.) Making the victim whole in this case requires recalculation of the amounts due him for his medical expenses.

We thus find remand to be necessary to afford defendant a new hearing on the issue of restitution for the medical expenses reflected in the four documents submitted with the victim's request. At the same time the court may examine the nature of the additional challenged request identified only as "Michelle Tom (my wife) Medical…..$1802." [5]

---

[4] A finding of ineffective assistance of counsel requiring reversal compels this court to notify the State Bar pursuant to Business and Professions Code section 6086.7, subdivision (a)(2).

[5] In light of this disposition, it is unnecessary to address defendant's belated assertion that the court failed to "identify each victim and each loss to which [the order] pertain[ed]."

7

We see no basis for reexamination of the claim regarding the bicycle, however. The victim identified it as a "Canondale 'Six' " and requested $2,760.38.  Defendant's only complaint with respect to this item is that the victim did not precisely state whether this amount was for replacement or repair or what condition the bicycle was in before and after the accident.  In our view, none of these details makes any difference.  Section 1202.4, subdivision (f), requires that the restitution order be "based on the amount of loss claimed by the victim or victims or any other showing to the court." (*See People v. Collins* (2003) 111 Cal.App.4th 726, 734 [evidence sufficient where probation officer reported victim's claim of $4,500 loss and appellant failed to offer information challenging the amount]; *People v. Pinedo* (1998) 60 Cal.App.4th 1403, 1406 [defendant failed to demonstrate that the settlement was based on anything other than economic losses].)  "[I]t is well settled that 'statements by the victims of the crimes about the value of the property stolen constitute "prima facie evidence of value for purposes of restitution." [Citations.]' " (*People v. Prosser* (2007) 157 Cal.App.4th 682, 690-91; see also *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543 [court may accept, as prima facie evidence of loss, a property owner's statement about the value of stolen or damaged property].)  Defendant did not offer rebuttal evidence or even a suggestion that this figure was excessive for either repair or replacement, nor does he make such a claim on appeal.

---

The contention is forfeited.  (*People v. Prosser* (2007) 157 Cal.App.4th 682, 689).  But we see no prejudice arising from such an omission in any event, as the losses were clearly identified in the victim's list of expenses.

*Disposition*

The restitution order is reversed, and the matter is remanded for a new restitution hearing limited to (1) the victim's medical expenses as reflected in the documentation submitted with his request and (2) his wife's medical expenses.  In light of this disposition the clerk of this court is directed to give the required notice to the State Bar and to trial counsel. (Bus. & Prof. Code, § 6086.7; Cal. Rules of Court, rule 10.1017.)


_____

ELIA, J.


WE CONCUR:



_____

RUSHING, P. J.



_____

PREMO, J.


9