Filed 9/15/14  P. v. Jaquith CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | A140430 |
| v. | (Napa County Super. Ct. Nos. CR162886, |
| MICHAEL R. JAQUITH, | CR164745, CR164885) |
| Defendant and Appellant. | |

_____/

Michael R. Jaquith pled no contest to robbery (Pen. Code, § 211),[1] methamphetamine possession (Health & Saf. Code, § 11377), receiving stolen property (§ 496, subd. (a)), and exhibiting a deadly weapon (§ 417, subd. (a)(1)) and admitted various sentencing enhancements.  The trial court sentenced Jaquith to state prison and awarded $299 in victim restitution pursuant to section 1202.4.  Of that amount, $100 was for the victim's lost wages and transportation to court.

Jaquith appeals, contending insufficient evidence supports $100 of the court's award of victim restitution.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts are taken from the probation report.

_____

[1]     Unless noted, all further statutory references are to the Penal Code.

The victim was riding his bicycle on Soscal Avenue in Napa when a SUV stopped in front of him and a man — later identified as Jaquith — got out, approached the victim with a knife in his hand, and demanded his bike and backpack. The backpack contained the victim's homework and a new iPhone 5. Frightened, the victim gave the bike and backpack to Jaquith. Napa police officers found Jaquith with the knife, the victim's bike and backpack, methamphetamine, and a stolen laptop computer. Officers arrested Jaquith and returned the victim's backpack and bike. The victim's iPhone was not found.

Jaquith pled no contest to robbery (§ 211), methamphetamine possession (Health & Saf. Code, § 11377), receiving stolen property (§ 496, subd. (a)), and exhibiting a deadly weapon (§ 417, subd. (a)(1)). He admitted various sentencing enhancements. The probation officer recommended $299 in victim restitution. The probation report stated the victim sought "restitution for the loss of an iPhone 5 cell phone, cell phone cover, lost wages and transportation . . . [in] the following amounts: iPhone 5: $250.00; $169.00 to cover the cost of the new iPhone, $30.00 to replace the cell phone case and $100.00 to cover transportation. The victim confirmed the iPhone originally cost him $250.00 and $169.00 to replace it. Therefore, restitution in the amount of $299.00 will be recommended ($169.00 iPhone placement, $100.00 transportation, and $30.00 iPhone case)."

At the sentencing hearing, defense counsel objected to the claim for $100, stating: "I don't know what that means, but I'd submit that the Court should not impose a hundred dollars for transportation." The prosecutor responded: "I think that's what [the victim] is asking for in terms of his lost wages and his transportation for events regarding this issue. He did have to come to court and testify. . . . I don't think $100 for his lost wages and transportation is excessive. He likely missed time from work for this. He had to go out and replace his phone that was stolen and never recovered, so I think that the [$]200 and $99 is appropriate for the victim." Then defense counsel said, "I'd submit that's not [a] . . . direct economic loss and it's not compensable in this proceeding. I ask the Court to strike it."

The court awarded $299, the full amount of restitution requested, concluding: "it's a reasonable amount given what would be involved in both lost wages, replacing the phone, coming to court." The court sentenced Jaquith to seven years and four months in state prison and imposed various fines and fees.

DISCUSSION

Jaquith's sole claim on appeal is the court abused its discretion by imposing $100 in restitution for the victim's "'transportation' without any factual basis." Section 1202.4, subdivision (f) provides in relevant part, "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim . . . in an amount . . . based on the amount of loss claimed by the victim . . . or any other showing to the court . . . . The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record. . . . [¶] (3) To the extent possible, the restitution order shall . . . identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct. . . ." (§ 1202.4, subd. (f)(3); see also *People v. Stanley* (2012) 54 Cal.4th 734, 737.) We review the restitution order for abuse of discretion. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26 (*Millard*).) "'"A victim's restitution right is to be broadly and liberally construed." [Citation.] "'Where there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.'" [Citations.]' [Citation.]" (*Id.* at p. 26.)

Jaquith complains the court erred by ordering him to pay $100 for the victim's transportation expenses because the victim "did not document" the loss. We are not persuaded for two reasons. First, the court ordered Jaquith to pay the victim $100 for his "lost wages" and "coming to court" and not solely for the victim's transportation. A court may order a defendant to pay a victim's lost wages for attending court proceedings pursuant to section 1202.4 (*People v. Moore* (2009) 177 Cal.App.4th 1229, 1233) and Jaquith has not cited any authority precluding a court from awarding restitution for the

3

costs a victim incurs to travel to court. Section 1202.4 is to be liberally construed and the court's power to award restitution is not limited to the categories enumerated in section 1202.4, subdivision (f). (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1046 (*Keichler*).)

Second, the victim was not — as Jaquith argues — required to "document" his lost wages and transportation costs to receive restitution pursuant to section 1202.4. "'"Section 1202.4 does not, by its terms, require any particular kind of proof. [ ] [T]he trial court is entitled to consider the probation report, and, as prima facie evidence of loss, may accept a property owner's statement made in the probation report about the value of stolen or damaged property." [Citations.] "'This is so because a hearing to establish the amount of restitution does not require the formalities of other phases of a criminal prosecution. [Citation.] When the probation report includes information on the amount of the victim's loss and a recommendation as to the amount of restitution, the defendant must come forward with contrary information to challenge that amount.'" [Citation.]' [Citation.]" (*People v. Lockwood* (2013) 214 Cal.App.4th 91, 96 (*Lockwood*).)

"[A] prima facie case for restitution is made . . . based in part on a victim's testimony on, or other claim or statement of, the amount of his or her economic loss . . . ." (*Millard*, *supra,* 175 Cal.App.4th at p. 26.) Then the "burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim. [Citations.]" (*Id.* at p. 26.) Here, the probation report stated the amount of victim's losses and recommended the amount of restitution. Jaquith did not "'come forward with contrary information to challenge that amount'" (*Lockwood, supra,* 214 Cal.App.4th at p. 96) nor "demonstrate that the amount of the loss is other than that claimed by the victim. [Citations.]" (*Millard, supra,* 175 Cal.App.4th at p. 26.) "Absent a challenge by the defendant, an award of the amount specified in the probation report is not an abuse of discretion." (*Keichler, supra,* 129 Cal.App.4th at p. 1048.)

Jaquith's reliance on *People v. Gemelli* (2008) 161 Cal.App.4th 1539 and *Keichler*, *supra,* 129 Cal.App.4th 1039 does not alter our conclusion. In both cases, the appellate court affirmed the restitution award. That the victim in this case could have

4

provided more detail about his lost wages and transportation costs does not demonstrate an abuse of discretion. We conclude Jaquith has not established the court abused its discretion by awarding the victim $100 in restitution pursuant to section 1202.4 for lost wages and transportation expenses. (*People v. Pinedo* (1998) 60 Cal.App.4th 1403, 1406 [no abuse of discretion in following the probation officer's recommendation where defendant "presented no evidence" challenging the amount of restitution sought].)

DISPOSITION

The judgment is affirmed.

_____

Jones, P.J.

We concur:

_____

Needham. J.

_____

Bruiniers, J.