Filed 9/30/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B313848 |
| Plaintiff and Appellant, | (Super. Ct. No. 2018044045) |
| | (Ventura County) |
| v. | |
| NOLAN TAKAO NONAKA, | |
| Defendant and Respondent. | |

A person who commits a simultaneous crime and a tort answers in two independent actions. Settlement of a tort claim in civil court operates independently of a settlement in criminal court. As we shall explain, the "People of the State of California" are not bound by a waiver of rights in civil court. Any purported waiver to the constitutional right to restitution in civil court is not enforceable in criminal court.

The People appeal the denial of the motion for victim restitution, i.e., attorney fees and costs, after respondent was convicted by plea of felony driving with a .08 blood alcohol level or higher causing bodily injury. (Veh. Code, §§ 23153, subds. (a), (b), 23558; Pen. Code, § 12022.7, subd. (a).) The People contend the trial court erred when it concluded the civil settlement and

release of liability signed by the victim in the civil case discharged respondent's obligation to pay restitution in the criminal case. We agree and reverse.

## FACTS AND PROCEDURAL HISTORY

While driving with a blood alcohol level of .14 percent, respondent ran a red light and crashed into another vehicle, severely injuring its occupants. Ame S. suffered a fractured pelvis. Her 14-year-old daughter, Lyla S., suffered multiple injuries including a lacerated spleen and ruptured kidney, for which she was hospitalized. Lyla also suffered back injuries and other minor injuries.

As part of his negotiated plea, respondent acknowledged that he would be ordered to pay victim restitution in an amount to be determined at a restitution hearing in criminal court. Meanwhile, the victims hired an attorney on a contingency fee basis and settled a civil lawsuit against respondent. This settlement was paid by respondent's insurance carrier in the amount of $235,000 for Ame and $200,000 for Lyla. As part of this settlement, Ame signed a general release in which she agreed to "release, discharge and acknowledge as fully paid and compromised, all claims, demands and causes of action" against respondent and his insurance carrier. (Capitalization omitted.) Nobody asked the People of the State of California if they agreed to this settlement.

Prior to the restitution hearing in criminal court, the People filed briefing and requested that the trial court order respondent to pay victim restitution for attorney fees and costs. The People's briefing included several documents that detailed the victims' economic damages, including medical fees, attorney fees, and litigation costs. The exhibits also included the "Petition

2

to Approve Compromise of a Disputed Claim for Minor," and the release of liability.

At the restitution hearing, respondent's counsel acknowledged that attorney fees "are compensable." However, he argued that since the victims signed releases, they "have received full and complete compensation." The People argued the fees were reasonable, and victim restitution is consistent with the intent of the law to make the victim whole.

The trial court denied the People's motion. Its written order stated: "The victims sought and obtained an Order Approving Compromise of a Disputed Claim, the Petition for which states: 'Petitioner fully understands that if the compromise proposed in this petition is approved by the court and is consummated, the claimant will be forever barred from seeking any further recovery of compensation from the settling defendants . . . .'"[1]

In its ruling, the trial court also stated, "The negotiated settlement between the parties to the civil action was an arm's length transaction in which the victims knew precisely what their net recovery would be following the deduction of fees and costs. Accepting this settlement established that net recovery as the reasonable compensation for their damages and, therefore, the recovery they were entitled to."

---

[1] The "claimant" in the criminal case is not the victim. It is the People of the State of California, represented by the Ventura County District Attorney. The People were not a party to the settlement and a civil "claimant" cannot alter the remedy set out by the California Constitution.

## DISCUSSION

Restitution is constitutionally required "in every case in which a victim has suffered economic loss as a result of the defendant's conduct," regardless of the sentence or disposition imposed. (Cal. Const., art. I, § 28, subd. (b)(13)(B); Pen. Code, § 1202.4, subds. (f), (a)(1).) Actual and reasonable attorney fees are among the determined economic losses properly addressed by a restitution order. (Pen. Code, § 1202.4, subd. (f)(3)(H).)

*Release of Liability Did Not Discharge Respondent's*
*Constitutional Obligation to Pay Restitution*

The People contend the trial court erred when it denied Ame's attorney fees and costs because the civil settlement did not discharge respondent from his constitutional obligation to pay restitution in the criminal case. As indicated, we agree.

A restitution order does not simply indemnify a crime victim for her economic losses, but also seeks to rehabilitate and deter the defendant from future criminality. (*People v. Bernal* (2002) 101 Cal.App.4th 155, 161-162.) Consequently, a civil settlement between a victim and the defendant's insurer does not relieve the defendant of his restitution obligation to the state. (*Id.* at p. 162.) However, settlement payments made to a victim on the defendant's behalf must be used to offset the restitution award "to the extent that those payments are for items of loss included in the restitution order." (*Id.* at p. 168; *People v. Vasquez* (2010) 190 Cal.App.4th 1126, 1134-1135 (*Vasquez*).)

In *People v. Grundfor* (2019) 39 Cal.App.5th 22 (*Grundfor*), we considered whether a trial court could order restitution for attorney fees where, as part of a civil settlement, the victim agreed to waive all claims against the defendant's insurance carrier. (*Id.* at pp. 26-28.) We affirmed the trial court's restitution order and observed that a settlement with an

4

insurance company and the state's right to compel a defendant to pay restitution "operate independently" of each other. (*Id.* at p. 28.) We further concluded there was no offset to the civil settlement because the settlement required each side to bear its own attorney fees. (*Ibid.*)

Similarly, in *People v. Pinedo* (1998) 60 Cal.App.4th 1403, we held that a contingency fee paid to the victim's attorney who obtained a civil settlement from the defendant's insurance carrier was properly included in the restitution amount ordered. Upholding the restitution order, we stated, "[a]ppellant's drinking and driving directly caused the lost wages, medical bills and property damage covered by the settlement. The legal expense incurred by the victim to recover these damages from appellant's insurance carrier was 'proper, necessary, and a logical result of appellant's criminal conduct.' [Citations.]." (*Id.* at pp. 1405-1406.) We concluded there was no evidence the insurance company paid the victim's attorney fees and nothing in the record suggested the settlement was increased to cover those costs. (*Id.* at p. 1406.) "[T]he victim suffered a loss to the extent he had to pay part of his settlement to his attorney." (*Ibid.*)

Here, the evidence shows, and the People seek, $58,750 in attorney fees and $2,824.44 in costs for Ame. The People do not seek fees and costs for Lyla. And whether they have been treated differently by the People is beside the point.

*Respondent Did Not Meet His Burden to Show the Attorney Fees were Unreasonable or that Offset was Required*

The People next contend the trial court did not apply the correct standard at the restitution hearing. We agree.

Evidence showing what a victim actually paid as attorney fees is "'prima facie evidence of a loss entitling [the victim] to compensation.'" (*Grundfor, supra,* 39 Cal.App.5th at p. 31.) The

5

burden then shifts to the defendant to disprove that amount or to seek an offset. (*People v. Fulton* (2003) 109 Cal.App.4th 876, 886-887 (*Fulton*); *People v. Taylor* (2011) 197 CalApp.4th 757, 761, 764 (*Taylor*).)

Here, the People presented evidence that Ame received a civil settlement of $235,000. Of the settlement, $61,574.44 was paid to Ame's attorney as a contingency fee of 25 percent plus costs. Respondent did not present any witnesses or evidence in opposition. Instead, he argued the signed releases by the victims meant they "ha[d] received full and complete compensation," and the contingency fee was "not a true amount of attorney's fees." Indeed, counsel stated, "I would have no quarrel with an hourly billing of attorney's fees if we had that sort of a documentation."

However, "[a] crime victim who seeks redress for his injuries in a civil suit can expect to pay counsel with a contingency fee." (*Taylor*, *supra*, 197 Cal.App.4th at p. 763; *Fulton*, *supra*, 109 Cal.App.4th at p. 889.) The typical contingency fee is 33 1/3 percent. (*Taylor*, at p. 764; *Fulton*, at p. 889.) Because the People established that Ame paid her attorney a contingency fee of 25 percent as well as costs, the burden shifted to respondent to refute this showing. (See *Vasquez*, *supra*, 190 Cal.App.4th at p. 1137; *People v. Millard* (2009) 175 Cal.App.4th 7, 33-34.) This he did not do.

Respondent contends the trial court's denial of fees was an "implied finding that the amount of attorney's fees had been offset." (Bold omitted.) But an implied finding of fact must be supported by substantial evidence. The record contains no such evidence.

6

## DISPOSITION

The trial court's order is reversed. The matter is remanded with directions to enter a restitution order consistent with this opinion.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7

David R. Worley, Judge
Superior Court County of Ventura

_____

Erik Nasarenko, District Attorney, and W. Taylor Waters, Deputy District Attorney, for Plaintiff and Appellant.

Ridley Defense and Andrea Keith for Defendant and Respondent.