Filed 7/28/23  P. v. Lara CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B320246 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. SA100932 |
| v. | |
| KEVIN CHAVEZ LARA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge. Affirmed.

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant Kevin Chavez Lara pled no contest to one count of vehicular manslaughter with gross negligence. The court placed Lara on summary probation and ordered him to pay restitution to the victim's family. Lara contends the court erred when it included in the amount of victim restitution the attorney fees the victim's family incurred in obtaining a settlement from Lara's insurance provider. We affirm.

# BACKGROUND

In 2019, Lara was driving a car when he hit a curb, drove over the sidewalk, and crashed into two power poles. Juan Carlos Lopez, a passenger in Lara's car, was killed in the crash. Police found an empty bottle of vodka, a helium tank, balloons, and beer at the scene. Lara, who had been inhaling helium with Lopez before the incident, tested positive for cannabis.

In 2021, Lara pled no contest to one count of vehicular manslaughter with gross negligence (Pen. Code,[1] § 192, subd. (c)(1)). The court placed Lara on summary probation for one year and imposed various fines and fees, including $7,500 in restitution to the California Victim's Compensation Board.

In 2022, the court held a restitution hearing. The People presented the following information about the expenses incurred by Lopez's family arising out of the underlying incident. The family paid $24,006.10 for funeral-related expenses, consisting of: $21,133 for a burial site and Lopez's burial; $2,414.10 for a gravesite plaque and the plaque's installation; and $448 for Lopez's autopsy and a copy of the autopsy report.

Lopez's family obtained a civil settlement from Lara's insurance policy for $25,000, which was deposited into a client

---

[1] All undesignated statutory references are to the Penal Code.

trust account managed by the family's attorney. The family received $11,041.67 from that settlement, after various deductions were made, including $8,333.33 as a contingency fee paid to the family's attorney.

The parties agreed that the family's total out-of-pocket expenses, after accounting for the $11,041.67 settlement payment and other compensation the family received for the accident, totaled $5,464.43. The court ordered Lara to pay $13,797.76 in victim restitution, consisting of $5,464.43 for the family's out-of-pocket expenses plus $8,333.33 for the amount of attorney fees the family's attorney deducted from the insurance policy settlement.[2]

Lara appeals.

## DISCUSSION

Lara contends the court erred in calculating the amount of victim restitution. Specifically, he argues the court awarded Lopez's family more than its actual economic losses when it included the attorney fees that the family incurred in obtaining a settlement payment from Lara's insurance provider. As we explain, the court properly awarded Lopez's family attorney fees as victim restitution.

The California Constitution requires the trial court to order victim restitution for losses suffered "as a result of criminal activity." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) Restitution

[2] The same total—i.e., $13,797.76—can be reached using the following calculation: $32,339.43 for the family's total expenses, consisting of $24,006.10 for funeral expenses plus $8,333.33 for attorney fees paid in connection with obtaining a settlement payment from Lara's insurance provider, less $18,541.67 for compensation the family already received, consisting of $11,041.67 from the insurance provider's settlement and $7,500 from the Victim's Compensation Board, which the court had already ordered Lara to pay as restitution.

must be ordered "in every case in which a victim has suffered economic loss as a result of the defendant's conduct." (§ 1202.4, subd. (f).) Economic loss includes, among other things, "[a]ctual and reasonable attorney's fees and other costs of collection accrued by a private entity on behalf of the victim." (*Id.*, subd. (f)(3)(H); see also *People v. Pinedo* (1998) 60 Cal.App.4th 1403, 1405–1406 (*Pinedo*).)

A restitution order serves several purposes, including indemnifying crime victims for their losses and "rehabilitat[ing] and deter[ring] the defendant from future criminal activity." (*People v. Nonaka* (2022) 83 Cal.App.5th 998, 1002.) Thus, a "civil settlement between a victim and the defendant's insurer does not relieve the defendant of his restitution obligation to the state." (*Ibid.*) Nevertheless, a settlement payment made to a victim on the defendant's behalf must be used to offset a restitution award so far as that payment is " 'for items of loss included in the restitution order.' " (*Ibid.*)

We review the trial court's restitution order for abuse of discretion. (*People v. Crisler* (2008) 165 Cal.App.4th 1503, 1507.)

In *Pinedo*, our colleagues in Division Six held the trial court properly included as victim restitution a contingency fee paid to the victim's attorney who obtained a civil settlement from the defendant's insurer. (*Pinedo*, *supra*, 60 Cal.App.4th at pp. 1406–1407.) The court reasoned that the defendant's drinking and driving directly caused the victim's losses that were covered by the settlement, so the legal expenses the victim incurred to recover those losses from the defendant's insurer also resulted from the defendant's criminal conduct. (*Id.* at pp. 1405–1406.) Since there was no evidence that the defendant's insurer paid the victim's attorney fees and nothing in the record suggested the settlement was increased to cover those costs, the court rejected the defendant's argument that the inclusion of attorney fees in

4

the restitution award resulted in a double payment to the victim. (*Id.* at p. 1406.)

The same is true here. The People presented evidence that Lopez's family obtained a settlement from Lara's insurance provider after Lara crashed his car, the incident underlying Lara's conviction. The family was required to pay its attorney a contingency fee—i.e., one-third of the total settlement—for the attorney's help in obtaining that settlement. Lara doesn't dispute that but for his criminal conduct, Lopez's family could not have pursued a settlement with Lara's insurer. It follows, then, that Lopez's family also would not have incurred $8,333.33 in attorney fees but for Lara's criminal conduct. (See *People v. Maheshwari* (2003) 107 Cal.App.4th 1406, 1409 [fees that a victim incurs because of the defendant's criminal conduct are recoverable as victim restitution].)

Nothing in the record suggests Lara's insurance provider agreed to pay the family's attorney fees as part of the $25,000 settlement or that the settlement amount was otherwise inflated to cover attorney fees. (*People v. Fulton* (2003) 109 Cal.App.4th 876, 886–887 [once the People make a prima facie showing of the victim's losses, the burden shifts to the defendant to show those losses do not qualify for victim restitution].) Consequently, the attorney fees Lopez's family incurred in obtaining a settlement payment from Lara's insurance provider were " 'proper, necessary, and a logical result of [Lara's] criminal conduct.' " (*Pinedo*, *supra*, 60 Cal.App.4th at p. 1406.) Nor does an award of those fees constitute a double payment of restitution to the victim's family. (*Ibid.*) The court, therefore, did not abuse its discretion when it included the family's attorney fees as part of its victim restitution order. (See § 1202.4, subd. (f)(3)(H).)

## DISPOSITION

The victim restitution order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

HEIDEL, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.