Filed 6/12/26  P. v. Zimmerman CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASON SCOTT ZIMMERMAN,<br><br>        Defendant and Appellant. | A173209<br><br><br>(Humboldt County<br>Super. Ct. No. CR2302556) |

This is an appeal from an order requiring defendant Jason Scott Zimmerman to pay $1,000 in victim restitution for lost wages (Pen. Code, § 1202.4, subd. (f))[1] after he pleaded guilty to one count of possession of child pornography (§ 311.11, subd. (a)).  Defendant challenges this order as an abuse of the trial court's discretion.  He further contends his attorney rendered ineffective assistance by failing to raise an appropriate objection to the trial court's unsupported order.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2024, defendant pleaded guilty to one count of possessing child pornography in violation of section 311.11, subdivision (a), and admitted multiple alleged factors in aggravation, in exchange for a stipulated prison

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

term of 16 months. Defendant's negotiated plea was based on evidence that his cell phone was found in a hidden location inside a bathroom used by four minors residing in his household. His cell phone contained images of the minors in an undressed state using the toilet and shower.

On November 19, 2024, the trial court imposed the stipulated prison term of 16 months.

On February 4, 2025, the prosecution filed a request for an order requiring defendant to pay victim restitution in the amount of $1,000 to Katie K. for lost wages for a one-week period in September 2024. This request was accompanied by a Humboldt County Probation Department claim form that identified Katie K. and stated: "Loss of wages 1 week 9/22—$1,000." Katie K. is the mother of two of the minor victims. She was also defendant's domestic partner of eight years at the time of his crime.

A restitution hearing took place on April 11, 2025. No witness testified. The court acknowledged receipt of the restitution request and defense counsel responded, "I would simply object and submit to the Court."

On the same date, the trial court granted the prosecution's request and ordered defendant to pay $1,000 to Katie K. The restitution order, filed April 21, 2025, states: "Evidence was presented that [Katie K.] suffered losses as a result of defendant's/child's conduct. Defendant/child was informed of his . . . right to a judicial determination of the amount of restitution and [¶] . . . [¶] . . . stipulated to the amount of restitution to be ordered." The next day, defendant timely appealed.

## DISCUSSION

Defendant contends (1) the trial court abused its discretion by ordering him to pay $1,000 in restitution for lost wages to Katie K., the parent of two of the minor victims, without identifying an adequate causal basis for the

2

award and (2) his counsel rendered ineffective assistance by failing to raise a proper objection to the court's restitution order.

## I. *The restitution order stands.*

### A. Legal Principles.

The California Constitution confers upon victims the right to restitution from criminal defendants. (Cal. Const., art. I, § 28, subd. (b)(13).) To that end, section 1202.4, subdivision (f) provides, in relevant part, that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." The statute further provides, in subdivision (f)(3), that the restitution order "shall identify . . . each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to . . . : [¶] . . . [¶] (E) Wages or profits lost by the victim, and if the victim is a minor, wages or profits lost by the minor's parent . . . due to time spent as a witness or in assisting the police or prosecution."

At a restitution hearing, once the prosecution makes a " 'prima facie case for restitution,' " " ' "the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." ' " (*People v. Sy* (2014) 223 Cal.App.4th 44, 63.)

" 'A victim's restitution right is to be broadly and liberally construed. [Citations.]' [Citation.] We review a restitution order for abuse of discretion. [Citations.] The abuse of discretion standard ' "asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable

3

law and the relevant facts [citations]." [Citation.] Under this standard, while a trial court has broad discretion to choose a method for calculating the amount of restitution, it must employ a method that is rationally designed to determine the surviving victim's economic loss.' " (*People v. Baudoin* (2022) 85 Cal.App.5th 1184, 1191.) "In reviewing restitution orders, we do not reweigh the evidence or make credibility decisions. Our review is to determine whether there is sufficient evidence to support the inferences made by the trial court." (*Ibid.*)

### B.    Analysis.

Defendant contends the restitution order was an abuse of discretion because "the record is devoid of any facts related to [Katie K.'s] earnings or her missed workdays," rendering the order "nothing more than speculation."

In so contending, defendant correctly notes the prosecution bears the burden of providing an adequate factual basis for a restitution claim, including proof that the defendant's criminal conduct was a direct cause of the losses for which restitution is sought. (*People v. Lehman* (2016) 247 Cal.App.4th 795, 803; *People v. Lai* (2006) 138 Cal.App.4th 1227, 1247.) According to defendant, in this case, "[t]he prosecution did not attach any documentation to confirm the hourly rate upon which the victim calculated her claim of $1,000 in loss wages [*sic*]. Nor did the prosecution provide an explanation of the victim's need to miss work in the motion papers. There was no testimony, declaration or affidavit by [Katie K.] to elaborate on her statement. She did not submit pay stubs or other documentation of her wages. There are no minute orders that demonstrate [Katie K.] attended court proceedings, particularly during the month of September as she claimed on her restitution questionnaire form."

4

The People respond that defendant forfeited his challenge to the restitution order by not raising a timely and specific objection before the trial court. We agree.

At the restitution hearing, after the trial court indicated its intent to grant the prosecution's request for restitution to Katie K., defense counsel merely stated, "I would simply object and submit to the Court." In doing so, counsel made no specific objection to the amount of restitution, its method of calculation, or the quantum of evidence supporting it, which consisted of the probation department's claim form indicating "Loss of wages 1 week 9/22— $1,000." Nor did defendant challenge the statement in the trial court's restitution order that defendant "stipulated to the amount of restitution" awarded to Katie K. "[B]y his failure to object, defendant forfeited any claim that the order was . . . unwarranted by the evidence . . . ." (*People v. Brasure* (2008) 42 Cal.4th 1037, 1075; *People v. Mays* (2017) 15 Cal.App.5th 1232, 1237 ["A defendant wishing to argue on appeal that there is no factual basis for a restitution order must object on that ground in the trial court to preserve the issue for appeal"].)

Defendant counters that his counsel's objection at the time of submission of the evidence was "reasonably understood by the trial court under the circumstances as constituting an objection to the quantum of evidence in light of the prosecution's burden of demonstrating a prima facie case in support of the requested amount." We disagree.

"When the probation report includes a discussion of the victim's loss and a recommendation on the amount of restitution, the defendant must come forward with contrary information to challenge that amount." (*People v. Pinedo* (1998) 60 Cal.App.4th 1403, 1406.) Here, prior to the restitution hearing, the probation department submitted a claim form recommending

5

payment of $1,000 for Katie K.'s loss of one week of wages. Defendant's trial attorney did not come forward with any information to challenge that amount. On this record, even putting aside the issue of forfeiture, there is simply no basis for this court to find that the trial court abused its discretion by following the probation department's recommendation. (*Pinedo, supra*, at p. 1406; *People v. Keichler* (2005) 129 Cal.App.4th 1039, 1048 [" 'When the probation report includes information on the amount of the victim's loss and a recommendation as to the amount of restitution, the defendant must come forward with contrary information to challenge that amount.' [Citation.] Absent a challenge by the defendant, an award of the amount specified in the probation report is not an abuse of discretion"].)

## II. *Counsel did not render ineffective assistance.*

Defendant's final argument is that, should we find forfeiture (we do), his trial attorney was ineffective for failing to raise a proper challenge to the court's restitution order based on the lack of supporting evidence. To demonstrate that he received ineffective assistance of counsel, defendant " 'bears the two-pronged burden of showing that [his] counsel's representation fell below prevailing professional norms and that [he] was prejudiced by that deficiency.' ([Citation], citing *Strickland v. Washington* (1984) 466 U.S. 668, 694 [80 L.Ed.2d 674, 104 S.Ct. 2052].) 'When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation.' " (*In re M.V.* (2014) 225 Cal.App.4th 1495, 1528.)

Defendant cannot meet this standard. While the record does not show the reason why his attorney failed to challenge the evidentiary basis for the

restitution order, we conclude there are satisfactory explanations for counsel's inaction.

The record reflects that defendant and Katie K. were romantic partners who had lived together for eight years. According to the victim impact statement that Katie K. submitted to the court, she and defendant were raising a family together in a three-bedroom house for which they both contributed rent. Also, she opened her own business in 2019, and once defendant stopped paying rent following his arrest, she "came close to losing everything . . . ."

Given the closeness of their relationship, it is reasonable to assume defendant was knowledgeable about Katie K.'s work schedule and earnings. Thus, if the probation department's recommendation of $1,000 to cover her lost wages were unfounded, he would have so informed his attorney. Moreover, since Katie K. was the mother of two of the minor victims, it is also reasonable to conclude that she missed work to support her children and otherwise participate in the investigation and court proceedings leading to defendant's conviction.

Given the trial court's broad discretion to award victim restitution, defense counsel may reasonably have decided to forgo raising a proper objection to the $1,000 restitution request after deciding such objection would have been futile. (*People v. Price* (1991) 1 Cal.4th 324, 387 [counsel does not render ineffective assistance by failing to make futile motions or requests]; *People v. Cain* (2000) 82 Cal.App.4th 81, 87–88 [court may consider hearsay information contained in a probation report to support a restitution order]; *In re O.F.* (2026) 119 Cal.App.5th 133, 171 ["the court possesses broad discretion to consider victim impact statements"].) Accordingly, defendant's challenge to the effectiveness of his counsel fails.

7

## DISPOSITION

The order of restitution to Katie K. is affirmed.


Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

8